DELBELLO, DONNELLAN, WEINGARTEN
WISE & WIEDERKEHR, LLP
*Attorneys for Plaintiff Queen Elizabeth Realty Corp.*
One North Lexington Avenue
White Plains, New York 10601
(914) 681-0200

ROBERT L. RATTET

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| QUEEN ELIZABETH REALTY CORP., | Case No. 13-12335 (SMB) |
| Debtor. | |

------------------------------------------------------------x

QUEEN ELIZABETH REALTY CORP.,

                Plaintiff,

DEAN K. FONG, ESQ., as Receiver of the      Adv. Proc. No. _____
Property of Phillip Wu, PHILLIP WU
(individually) and MARGARET WU
(Individually),

                Defendants.

------------------------------------------------------------x

## **VERIFIED COMPLAINT**

Plaintiff Queen Elizabeth Realty Corp. ("QERC", the "Debtor" or "Plaintiff"), by its attorneys, DelBello Donnellan Weingarten Wise & Wiederkehr, LLP, as and for its Complaint, respectfully alleges as follows:

### **JURISDICTION**

1.     On July 17, 2013, (the "Filing Date"), the Debtor filed a voluntary petition for reorganization (the "QE Chapter 11 Proceeding") pursuant to Chapter 11 of the Bankruptcy

Code (the "Code"), and was continued in possession of its business and management of its property pursuant to Sections 1107 and 1108 thereof.

2. No trustee or examiner has heretofore been appointed in this proceeding.

3. No official committee of unsecured creditors has been heretofore appointed by the United States Trustee.

4. Jurisdiction and venue of this proceeding is based upon 28 U.S.C. Section 1409 and is proper, inasmuch as this is a proceeding arising in a case under the Bankruptcy Code.

5. This proceeding is a core proceeding pursuant to 28 U.S.C. Section 157(b)(2)(A), (K) and (O).

## THE PARTIES

Queen Elizabeth Realty Corp.

6. Plaintiff QERC is a New York Corporation and Debtor-in-Possession whose primary asset is a commercial condominium unit located at 157 Hester Street a.k.a. 68-82 Elizabeth Street, New York, New York, located in New York County (the "Real Property").

Dean K. Fong, Esq., as Receiver of the Property of Phillip Wu

7. Defendant Dean K. Fong, Esq. (the "Receiver"), was appointed in a divorce action against Phillip Wu in Supreme Court, New York County, Index Number 300080/09 (the "Divorce Action") as Receiver of the Property of Phillip Wu by Order of Appointment, dated May 11, 2010, which was amended pursuant to Amended Order of Appointment, dated May 24, 2010.

Margaret Wu

8. Defendant Margaret Wu is the estranged wife of Phillip Wu. Phillip Wu is a 1/3

shareholder of the Debtor.

Phillip Wu

9. Phillip Wu is named as a Defendant solely in order to render any judgment relating to share ownership in the Debtor binding as to him as well as the Receiver.

**NATURE OF ACTION**

10. This Complaint seeks declaratory relief with respect to:

   a) The rights of Plaintiff in the Real Property;

   b) The identity of the shareholders of the Debtor;

   c) That the Court direct the turnover from the Receiver of any dominion and control he is exercising over the Real Property

   d) That two-thirds of Queen Elizabeth Realty Corp. is owned by Myint J. Kyaw a/k/a Jeffrey Wu and Lewis Wu and only a one-third equity interest is owned by Phillip Wu as Phillip Wu swore to as part of a commercial mortgage transaction before the commencement of this divorce action;

   e) Pursuant to 11 U.S.C. §362(a)(3) that no party other than the Debtor's representative under 11 U.S.C. §323 is permitted to exercise control over the Debtor's property; and

   f) That the Debtor-in-Possession is entitled to turnover of the Debtor's property under 11 U.S.C. §543 to the extent that the Receiver purports to control said property.

   g) That the Court enjoin, pursuant to 11 U.S.C. §§323, 1101, 1107 and 1108 any attempt by the Receiver to control any property of the Debtor other than the 1/3

interest in the shares of the Debtor owned by Phillip Wu, with all of the rights and obligations of a minority shareholder who owns one-third of the equity interests in the Debtor;

h) That the majority shareholders Myint J. Kyaw and Lewis Wu have the right to make binding decisions on behalf of the Debtor in the ordinary course of business;

i) That the majority shareholders Myint J. Kyaw and Lewis Wu have the right to make binding decisions on behalf of the Debtor outside of the ordinary course of business, subject to Bankruptcy Court approval;

j) That this Court enjoin, pursuant to 11 U.S.C. §§323, 541, 1101, 1107 and 1108 the current eviction proceedings initiated by Court Appointed Receiver DEAN K. FONG on behalf of Queen Elizabeth Realty Corp., or in the alternative, order Court Appointed Receiver DEAN K. FONG to suspend his efforts to evict Hong Kong Supermarket of Hester Street Corp and/or any other tenants at the Real Property, and direct the Marshall to cease and desist from all eviction efforts; and

k) Granting such other, further and different relief as this Court deems just and proper.

11. This action further seeks the turnover and an accounting of assets previously or currently in the hands of, and avoidance of transfers to the Receiver.

12. This action additionally seeks the avoidance of transfers to the Receiver and Defendant Margaret Wu of property of the Debtor's Chapter 11 Estate (the "Estate") as fraudulent conveyances pursuant to 11 U.S.C. §548(a) and 11 U.S.C. §544(b) as incorporating

New York Debtor and Creditor Law Sections 270-279 inclusive and related damages from the Receiver and Margaret Wu for: (a) conversion of property of the Debtor's Estate; and (b) destruction and/or diminution of the value of the Real Property.

13. Queen Elizabeth Realty Corp. (hereinafter referred to as "QERC") is owned in equal parts by Myint J. Kyaw a/k/a Jeffrey Wu, Lewis Wu, and Phillip Wu.

**ALLEGATIONS COMMON TO ALL COUNTS**

14. On or about April 18, 1994 QERC was formed as a New York Corporation.

15. Myint J. Kyaw was listed as the Chief Executive Officer in the Certificate of Incorporation, which was also signed by Phillip Wu.

16. As part of a commercial mortgage transaction between QERC and Shanghai Commercial Bank Ltd. (hereinafter referred to as "Shanghai Commercial Bank") executed on June 6, 2008, Myint J. Kyaw a/k/a Jeffrey Wu, Lewis Wu, and Phillip Wu, delivered a document entitled "Directors' Certificate of Resolutions to Borrow and Incumbency of Queen Elizabeth Realty Corp" (hereinafter referred to as the "Directors' Certificate").

17. The Directors' Certificate was delivered to Shanghai Commercial Bank on June 6, 2008, and remains in the possession of Shanghai Commercial Bank.

18. As part of the Directors' Certificate, Myint J. Kyaw a/k/a Jeffrey Wu, Lewis Wu, and Phillip Wu each swore that they each owned a one-third equity interest in QERC as follows:

5

"WE FURTHER CERTIFY that the following individuals are the owners of the equity of the Company [Queen Elizabeth Realty Corp.] and that he owns the interest set forth opposite his name:

| NAME OF SHAREHOLDER | EQUITY HOLDING (OF ALL ISSUED SHARES) |
|---|---|
| Phillip Wu | 1/3 |
| Myint J. Kyaw a/k/a Jeffrey Wu | 1/3 |
| Lewis Wu | 1/3" |

19. The Directors' Certificate was sworn to under oath on June 6, 2008, well before the underlying matrimonial litigation was initiated.

20. Chiu N. Wu, Vice President at Shanghai Commercial Bank, stated that "[t]he loan documents executed in connection with the Directors' Certificate provide that any misrepresentation contained within the Directors' Certificate would constitute a default under the loan documents" and that the "loan documents between the [Shanghai Commercial Bank] and Queen Elizabeth Realty Corp. remain in full force and effect."

21. The respective ownership interests in QERC have not changed since June 6, 2008.

22. Myint J. Kyaw a/k/a Jeffrey Wu guaranteed QERC's obligations pursuant to the commercial mortgage and has made certain mortgage payments since QERC and Shanghai Commercial Bank executed the mortgage.

23. Myint J. Kyaw a/k/a Jeffrey Wu has made and continues to make payments on behalf of QERC to the Shanghai Commercial Bank, which included payments that were made after Receiver FONG was appointed Receiver for Phillip Wu's ownership interest in QERC.

24. Myint J. Kyaw a/k/a Jeffrey Wu guaranteed and made the loan payments from QERC to Shanghai Commercial Bank because Myint J. Kyaw a/k/a Jeffrey Wu had and has a one-third equity interest in QERC.

25. Neither Phillip Wu nor Receiver FONG has made any of the loan payments from QERC to Shanghai Commercial Bank.

26. Since incorporating in 1994, QERC entered into a number of agreements that reflect the shared and equal ownership interests of Myint J. Kyaw a/k/a Jeffrey Wu, Lewis Wu, and Phillip Wu, including but not limited to:

- l) On June 28, 1994, QERC entered into a mortgage and security agreement with Hester Property Corp., which was signed by Lewis Wu, as President, and Jeffrey Wu, as Vice-President, on behalf of QERC.

- m) On December 14, 2000, QERC entered into a mortgage note with HSBC (lender), which was signed by Lewis Wu, as President, on behalf of QERC.

- n) On May 1, 2001, QERC executed a guaranty for a loan between HSBC BANK (lender) and Foodmart International Corp. (borrower), which was signed by Lewis Wu on behalf of QERC.

- o) On May 10, 2007, QERC, as landlord, entered into a lease agreement with New Enterprise Realty, which was signed by Phillip Wu on behalf of QERC.

27. QERC also issued Certificates of Ownership, pursuant to which Myint J. Kyaw a/k/a Jeffrey Wu, Lewis Wu, and Phillip Wu each received ten (10) shares in QERC.

28. In total, the cumulative weight of the documents relating to QERC and its business transactions conclusively demonstrate that Myint J. Kyaw a/k/a Jeffrey Wu, Lewis Wu,

and Phillip Wu have equal one-third equity interests in QERC.

29. During 2009 Margaret Wu as Plaintiff commenced the Divorce Action.

30. The Supreme Court, in the Divorce Action, by Order date May 10, 2010 appointed Margaret Wu and the Receiver as co-receivers of Phillip Wu's property.

31. This Order was amended by Amended Order dated May 18, 2010 pursuant to which the Receiver became the sole receiver of Phillip Wu's property.

32. Among the property interests to which the Receiver succeeded were Phillip Wu's business and property interests.

33. Phillip Wu has never owned more than one-third of QERC.

34. Upon information and belief, the other two (2) shareholders of QERC were never served with notice of any proceeding that purported to allow the Receiver to take possession of the Real Property assets and/or management of QERC.

35. QERC was thus deprived of due process by means of the seizing of control of the assets of QERC by the Receiver.

36. The Receiver's proper role is limited to one as holder of a one-third equity interest in the Debtor.

37. Nevertheless, on July 12, 2012, the Receiver initiated eviction proceedings purportedly on behalf of QERC against the Debtor's tenant, Hong Kong Supermarket of Hester Corp. (hereinafter referred to as "HKS"), Civil Court, City of New York, Index Number L&T 74045/2012 (the "Eviction Proceeding").

38. The Eviction Proceeding culminated in HKS receiving a notice of eviction dated July 11, 2013, thereby effectively terminating the HKS lease, a major asset of the Debtor's

estate.

39. On July 18, 2013 the Debtor removed the Eviction Proceeding to the U.S. District Court for the Southern District of New York, 1:13-cv-04988-KPF. The case is awaiting transfer to this Court.

40. The Receiver's exercise of jurisdiction over QERC's property was void and without due process.

41. The actions taken by Receiver FONG as regards QERC, including but not limited to initiating litigation on behalf of QERC to evict HKS and other tenants severely diminishes the value of the Real Property

42. The Debtor relies on the income generated by HKS, a lawful tenant of QERC, and other tenants, that are being wrongfully and unilaterally evicted by the Receiver.

43. Additionally, upon information and belief, more than sixty (60) people will lose their jobs if HKS is wrongfully evicted.

44. The Court should direct turnover of any property of QERC over which the Receiver is exercising dominion or control.

# FIRST CAUSE OF ACTION

### (MYINT J. KYAW a/k/a JEFFREY WU, LEWIS WU, AND PHILLIP WU ARE ENTITLED TO A DECLARATORY JUDGMENT CLARIFYING RECEIVER FONG'S AUTHORITY AS RECEIVER OF PHILLIP WU'S OWNERSHIP INTEREST IN QERC)

45. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 44 of this Complaint.

46. This Court has the authority, under 28 U.S.C. §2201, 11 U.S.C. §323, 1101, 1107, and 1108 to render a declaratory judgment having the effect of a final judgment as to the rights of parties to manage a Debtor-in-Possession.

47. Plaintiff demands declaratory relief to the effect that the equity interests in QERC are determined to be:

| NAME OF SHAREHOLDER | EQUITY HOLDING (OF ALL ISSUED SHARES) |
|---|---|
| Phillip Wu | 1/3 |
| Myint J. Kyaw a/k/a Jeffrey Wu | 1/3 |
| Lewis Wu | 1/3 |

# SECOND CAUSE OF ACTION

### (MYINT J. KYAW a/k/a JEFFREY WU, LEWIS WU, AND PHILLIP WU ARE ENTITLED TO A DECLARATORY JUDGMENT REGARDINGN MANAGEMENT OF QERC)

48. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 47 of this Complaint.

49. As a result of the failure of Plaintiff Margaret Wu to properly serve Myint J.

Kyaw a/k/a Jeffrey Wu and Lewis Wu with notice of the proceedings to install a Receiver, said shareholders, as well as QERC, were deprived of due process.

50. Plaintiff demands declaratory judgment determining that Myint J. Kyaw a/k/a Jeffrey Wu and Lewis Wu may, as 2/3 owners of the Debtor exercise, subject to Court approval, the right to manage the Debtor's affairs.

### THIRD CAUSE OF ACTION

### (TURNOVER FROM THE RECEIVER)

51. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 50 of this Complaint.

52. Plaintiff demands turnover of the Real Property from the Receiver pursuant to 11 U.S.C. §§ 542 and 543.

### FOURTH CAUSE OF ACTION

### (DAMAGES FOR CONVERSION BY THE RECEIVER)

53. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 52 of this Complaint.

54. The Receiver was not properly exercising dominion and control over the assets or management of QERC.

55. By virtue of the improper exercise of control over said assets and management, the Receiver took possession of and converted funds and assets of QERC in an unknown amount (the "Collected Funds").

56. Plaintiff demands judgment against the Receiver for conversion of the Collected Funds.

### FIFTH CAUSE OF ACTION

### (ACCOUNTING FROM THE RECEIVER)

57. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 56 of this Complaint.

58. Phillip Wu, prior to being superseded by the Receiver, was a director of the Debtor.

59. As such, Phillip Wu bore a fiduciary relationship to the Debtor.

60. The Receiver succeeds to Phillip Wu's fiduciary duties.

61. The Receiver has further exercised dominion and control over the Debtor's assets.

62. The Receiver, as a person in control, and as a purported director, officer, partner, manager and/or members in the various entities, as well as *de facto* business partners of the Debtor, owes a fiduciary duty to the Debtor.

63. Since the Receiver assumed his duties, he has collected unknown amounts believed to be quite significant from rental income due and owing the Debtor.

64. The Debtor does not believe that the Receiver has paid the mortgage debt upon the Real Property that is the primary asset of the Debtor.

65. The Debtor has no adequate remedy at law.

66. Plaintiff demands an accounting from the Receiver.

## SIXTH CAUSE OF ACTION

## (AVOIDANCE OF FRAUDULENT CONVEYANCES)

67. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 66 of this Complaint.

68. The actions of the Receiver, including but not limited to the collection of rents from the Real Property, failure to remit payments to the banks holding mortgages on the Real Property, and eviction of tenants without re-leasing the Real Property, have rendered the Debtor insolvent.

69. The actions of the Receiver, including but not limited to the collection of rents from the Real Property, failure to remit payments to the banks holding mortgages on the Real Property, and eviction of tenants without re-leasing the Real Property, have rendered the Debtor unable to pay its debts as they mature.

70. The actions of the Receiver, including but not limited to the collection of rents from the Real Property, failure to remit payments to the banks holding mortgages on the Real Property, and eviction of tenants without re-leasing the Real Property, have rendered the Debtor's capital insufficient to continue its business.

71. By taking moneys from the Debtor and not paying the Debtor's mortgage obligations, the Receiver has received property for which the Debtor has not received reasonably equivalent value.

72. Plaintiff demands judgment pursuant to 11 U.S.C. §548(a)(2) avoiding the foregoing transfers of the Debtor and pursuant to 11 U.S.C. §550(a) directing the return of the transfers, in an unknown amount, to the Debtor.

## SEVENTH CAUSE OF ACTION

**(AVOIDANCE OF FRAUDULENT CONVEYANCES)**

73. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 72 of this Complaint.

74. The Debtor has unsecured creditors whose debts are unpaid as of the Filing Date.

75. Plaintiff demands judgment pursuant to 11 U.S.C. §544(b) as incorporating New York Debtor and Creditor Law Sections 270 – 279 and pursuant to 11 U.S.C. §550(a) directing the return of the transfers, in an unknown amount, to the Debtor.

## EIGHTH CAUSE OF ACTION

**(AVOIDANCE OF FRAUDULENT CONVEYANCES)**

76. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 75 of this Complaint.

77. Upon information and belief, up to the Filing Date the Receiver has made interim distributions to Margaret Wu from the Debtor's property in the approximate aggregate amount of $500,000.

78. Margaret Wu is a mediate transferee of the Debtor with respect to the foregoing transfers.

79. Plaintiff demands judgment pursuant to 11 U.S.C. § 548(a)(2) and 11 U.S.C. §544(b) as incorporating New York Debtor and Creditor Law Sections 270 – 279 and pursuant to 11 U.S.C. §550(a) directing the return of the transfers, in an unknown amount, to the Debtor.

WHEREFORE, the Debtor demands judgment in accordance with this Complaint, together with such other, further or different relief to which it may be entitled.

Dated: White Plains, New York
July 29, 2013

          DELBELLO, DONNELLAN, WEINGARTEN, WISE & WIEDERKEHR, LLP
*Attorneys for Queen Elizabeth Realty Corp.*
*Party in Interest*
One North Lexington Avenue
White Plains, New York 10601
(914) 681-0200

       /s/ Robert L. Rattet
By:_____
    ROBERT L. RATTET

## VERIFICATION

JEFFREY WU, President of Queen Elizabeth Realty Corp. declares, under penalty of perjury pursuant to 28 U.S.C. §1746 that the allegations in the within Complaint are true and correct to the best of his knowledge, information and belief.

Dated: July 29, 2013

_____
JEFFREY WU

16