Morrison Tenenbaum PLLC
Lawrence F. Morrison, Esq.
87 Walker Street, Floor 2
New York, New York 10013
T: 212-620-0938
F: 646-998-1972
lmorrison@m-t-law.com

**Hearing Date: 1/9/2014 at 10:30 a.m.**
**Objection Date: 1/2/2014 at 5:00 p.m.**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                                          Chapter 11

Queen Elizabeth Realty Corp.,                              Case No. 13-12335 (SMB)

        Debtor.
------------------------------------------------------------X

## NOTICE OF MOTION

**PLEASE TAKE NOTICE**, that upon this Notice of Motion for an order appointing a Chapter 11 trustee in the above-captioned case, or in the alternative, converting it to one under Chapter 7, Margaret Wu, the party in interest to the debtor, Queen Elizabeth Realty Corp. (the "Debtor"), by and through her counsel, Lawrence F. Morrison, Esq., Morrison-Tenenbaum, PLLC, will move this Court before the Honorable Start M. Bernstein, United States Bankruptcy Judge, in the United States Bankruptcy Court, One Bowling Green, New York, New York 10004 on DATE, 2013 at TIME, or as soon thereafter as counsel can be heard, for an order directing the appointment of a Chapter 11 trustee, or in the alternative, converting this case to Chapter 7, and for such other and further relief as this Court may deem just and proper.

**PLEASE TAKE FURTHER NOTICE**, that objections or other response, if any, to the motion must be in writing, conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules of the Southern District of New York, be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended), be submitted in hard copy form directly to the Chambers of the Honorable Stuart M. Bernstein, and be served upon the MORRISON-

TENANBAUM, PLLC, 87 Walker Street, Floor 2, New York, New York, 100113, Attn: Lawrence F. Morrison, Esq., no later than the objection date set forth above.  Such papers shall conform to the Federal Rules of Civil Procedure and identify the party on whose behalf the papers are submitted, the nature of the response and the basis for such response.

Dated: New York, New York
       November 25, 2013

                                        MORRISON-TENENBAUM, PLLC

                                        _____
                                        Lawrence F. Morrison
                                        87 Walker Street, Floor 2
                                        New York, NY 10013
                                        T: 212-620-0938
                                        F: 646-998-1972
                                        lmorrison@m-t-law.com

| | |
|---|---|
| Morrison Tenenbaum PLLC<br>Lawrence F. Morrison, Esq.<br>87 Walker Street, Floor 2<br>New York, New York 10013<br>T: 212-620-0938<br>F: 646-998-1972<br>lmorrison@m-t-law.com | **Hearing Date: 1/9/2014 at 10:30 a.m.**<br>**Objection Date: 1/2/2014 at 5:00 p.m.** |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:                                              Chapter 11

Queen Elizabeth Realty Corp.,           Case No. 13-12335 (SMB)

        Debtor.
-------------------------------------------------------------X

**MOTION OF MARGARET WU FOR AN ORDER APPOINTING A CHAPTER 11
TRUSTEE, OR IN THE ALTERNATIVE, CONVERTING THE CASE TO CHAPTER 7**

      Margaret Wu, a party in interest of the debtor, Queen Elizabeth Realty Corp. (the "Debtor"), respectfully files this motion (the "Motion") for an order appointing a Chapter 11 trustee in the above-captioned case, or in the alternative, converting it to one under Chapter 7. This Motion is made pursuant to 11 U.S.C. §§1104(a)(1)-(3), and 1112(b)(4). In support of her Motion, Margaret Wu represents and states as follows:

**PRELIMIARY STATEMENT**

      Jeffrey Wu is the President of the Debtor while he is also a managing member of New Enterprise Realty, LLC and the principal owner of Hong Kong Supermarket. The Debtor, New Enterprise Realty, LLC and Hong Kong Supermarket have conflict interests against each other, based on the respective judgments obtained by Margaret Wu's receiver, David Fong, Esq. in respective state actions. However, the Bankruptcy Code and case law supports the pendency of viable businesses in a chapter 11 context. Therefore, given the circumstances, it is mandatory to

3

appoint a chapter 11 trustee in this case to maintain the case in a chapter 11 context, while avoiding the non-waivable, inherent conflicts of interest that the Debtor's President has with respect to his ownership of New Enterprise Realty LLC and Hong Kong Supermarket.

**BACKGROUND**

**I.    Queen Elizabeth Realty Corp., New Enterprise Realty, LLC and Hong Kong Supermarket**

1.    On July 17, 2013 (the "Filing Date"), the Debtor commenced this Chapter 11 case in this court by filing a voluntary Chapter 11 petition (the "Petition"). The Debtor is a single asset estate business and owns a commercial condominium unit located at 157 Hester Street, also known as 68-82 Elizabeth Street, New York, New York (the "Real Property"). Jeffrey Wu signed the Petition as the Debtor's purported President.

2.    Three (3) brothers—Jeffrey, Lewis and Phillip Wu—are known to have equal percentage of shares in the Debtor.

3.    Jeffrey Wu has also served as the managing member of New Enterprise Realty, LLC (the "New Enterprise"). Pursuant to a master lease, New Enterprise has been a tenant of the Debtor at the Real Property. *See* ¶¶6 and 9 and Exhibit 3 of Dean K. Fong, Esq.'s Declaration [Docket No. 28].

4.    Then, New Enterprise subleased the Real Property to, among others, Hong Kong Supermarket Inc. and/or Hong Kong Supermarket of Hester Street Corp. d/b/a Hong Kong Supermarket (collectively, the "Hong Kong Supermarket") and Salon de Tops, Inc. (the "Salon"). ¶8 of Fong Declaration. Jeffrey Wu is also the principal owner of Hong Kong Supermarket. ¶¶8 and 10 and Exhibit 4 of the Fong Declaration.

**II.    Matrimonial Action between Phillip Wu and Margaret Wu**

5.    In 2009, Margaret Wu commenced a matrimonial action against Phillip Wu in the Supreme Court of the State of New York, New York County (the "Matrimonial Action") with Index No. 300080/09.

6.    By an Order dated May 24, 2010 (the "May 24, 2010 Order"), which was amended from an Order dated May 24, 2010, the State Court appointed Dean K. Fong, Esq. as the sole receiver of the property of Phillip Wu, on behalf of Margaret Wu.

7.    The May 24, 2010 Order, among others, granted the Mr. Fong, as a receiver, exclusive possession and control of Margaret Wu.  Mr. Fong has been executing the May 24, 2010 Order over three (3) years by collecting rents and evicting tenants at the Real Property, based on the ownership interests of Phillip Wu.  During the past three (3) years, however, no one ever appealed the May 24, 2010 Order. Exhibit 1 of the Fong Declaration.

**III.    State Actions Involving the Debtor and the Entities Controlled by Jeffrey Wu**

8.    In or about August 2010, Mr. Fong, as a receiver, requested Hong Kong Supermarket and Salon to turn over rent payments for the Real Property to the receiver, pursuant to the May 24, 2010 Order.  Thereafter, Salon made payments to Mr. Fong.  However, Hong Kong Supermarket, controlled by Jeffrey Wu, refused to surrender the rent payments.

9.    Instead, in or about September 2010, New Enterprise, also controlled by Jeffrey Wu, commenced a summary eviction proceeding (the "New Enterprise Action") against the Salon for non-payment of rent, pursuant to the master lease, in the Civil Court of the City of New York, County of New York.  On or about February 14, 2011, Mr. Fong was added to the New Enterprise Action as an interpleader-respondent under index numbers 080075-NLT-2010 and 081070-LT-2010.

10. On or about July 14, 2011, the New Enterprise Action was settled with the following terms, among others: (1) New Enterprise agreed to pay Mr. Fong the ongoing and previous rents owed to Margaret Wu, subject to certain credits; and (2) New Enterprise consented entry of a final judgment of possession and the immediate issuance of a warrant of eviction upon failure to make the requisite payments. ¶¶20-21 and Exhibit 7 of the Fong Declaration.

11. New Enterprise indeed failed to make the requisite payments to Mr. Fong, which resulted in the entry of a final judgment and issuance of an eviction notice. On March 1, 2012, a marshal evicted New Enterprise and took legal possession of the Real Property. ¶¶27-28 and Exhibit 10 of the Fong Declaration.

12. Hong Kong Supermarket continued to occupy the Real Property. Despite Mr. Fong's efforts to negotiate a new lease, Jeffrey and Lewis Wu, as purported officers of the Debtor, filed a motion on May 2, 2012 to intervene and recover monies collected by Mr. Fong, among others. Although Hong Kong Supermarket agreed to make interim payments for use and occupancy in the amount of $40,000 per month subject to certain credits, while the motion was pending, Mr. Fong never received any payments.

13. On or about July 24, 2012, Mr. Fong commenced a landlord-tenant holdover action against Hong Kong Supermarket (the "HKS Holdover Action"), which hearing date had been adjourned subsequently pending negotiations. On June 4, 2013, Jeffrey Wu attempted to stay the HKS Holdover Action in the Matrimonial Action on behalf of Hong Kong Supermarket and the Debtor, but failed. On June 13, 2013, in the HKS Holdover Action, Mr. Fong obtained a judgment in the sum of $3,256,000 against Hong Kong Supermarket, controlled by its principal owner Jeffrey Wu. On June 28, 2013, a warrant of eviction was issued.

6

14.     On July 10, 2013, Jeffrey Wu sought to enjoin the eviction of Hong Kong Supermarket in the Matrimonial Action, which was denied. On July 11, 2013, Margaret Wu moved in the Matrimonial Action, by order to show cause, for an order, among others, directing an inquest on the equitable distribution of marital property, and directing an immediate sale of the remaining marital property, including the Debtor, an imposing other sanctions (the "Sale Motion"). ¶41 and Exhibit 17 of the Fong Declaration.

## IV.  Non-waivable Conflict of Interests of Jeffrey Wu

15.     Soon after Jeffrey Wu received a judgment against his Hong Kong Supermarket and Margaret Wu's Sale Motion, the Debtor filed this instant bankruptcy proceeding. On the Petition Date, Hong Kong Supermarket, controlled by Jeffrey Wu, appealed the judgment on June 13, 2013 in the HKS Holdover Action, and also removed the HKS Holdover Action to this Court as an adversary proceeding, case no. 13-AP-01496.

16.     On August 1, 2013, Margaret Wu also removed the Matrimonial Action to this Court as an adversary proceeding, case no. 13-AP-01495.

17.     On July 29, 2013, the Debtor filed a separate adversary proceeding against Mr. Fong and Margaret Wu (case no. 13-AP-01386) to avoid the judgments against New Enterprise and Hong Kong Supermarket, the May 24, 2010 Order, the warrant of eviction against Hong Kong Supermarket and other proceedings in the State Court.

18.     Based on foregoing facts, it is apparent that the Debtor has inherent and non-waivable conflicts of interest with New Enterprise and Hong Kong Supermarket, due to Jeffrey Wu's involvements in all three entities. The Debtor is a creditor to New Enterprise and Hong Kong Supermarket for non-payment of rents, while Jeffrey Wu is the president of the Debtor and Hong Kong Supermarket and controls New Enterprise.

V.   **The Debtor's Monthly Operating Reports**

19.   As of the date of this Motion, the Debtor has not filed monthly operating reports (the "Reports") since the Petition Date. The Debtor just retained an accountant, which was granted on November 22, 2013.

**RELIEF REQUESTED**

20.   By this Motion, Margaret Wu moves for an order appointing a Chapter 11 trustee in the above-captioned case, or in the alternative, converting it to one under Chapter 7. This Motion is made pursuant to 11 U.S.C. §§1104(a)(1)-(3), and 1112(b)(4).

I.   **Standards to Appoint a Chapter 11 Trustee**

21.   Section 1104(a) of the Bankruptcy Code states, in pertinent parts, that:

> At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest…and after notice and a hearing, a court shall order the appointment of a trustee—
>
> (1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case…;
> (2) if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate…; or
> (3) if grounds exist to convert … the case under section 1112, but the court determines that the appointment of a trustee or an examiner is in the best interests of creditors and the estate.

11 U.S.C. §1104(a).

22.   Sections 1104(a)(1) and (2) of the Bankruptcy Code provide that in order to appoint a Chapter 11 trustee, either cause must exist or such appointment is in the best interest of creditors. Section 1104(3) reflects the Congressional intent to maintain viable Chapter 11 cases in the bankruptcy system, rather than surrender to liquidation. HR Rep. No. 31, 109th Cong., 1st Sess 442 (2005). Once the burden is met, appointment of a trustee becomes mandatory as Section 1104(a) states that a court "**shall** order the appointment of a trustee." (emphasis added).

8

23. Chapter 11 of the Bankruptcy Code is designed to allow a debtor-in-possession to retain management and control of the debtor's business operation. *See* In re Eurospark Indus., 424 B.R. 621, 627 (Bankr. E.D.N.Y. 2010). It is well recognized, however that a debtor-in-possession owes fiduciary duties to the bankruptcy estate and must, among other things, "protect and…conserve property in [its] possession for the benefit of creditors" and "refrain[] from acting in a manner which could damage the estate, or hinder a successful reorganization of the business." In re Ionosphere Club, Inc., 113 B.R. 164, 169 (Bankr. S.D.N.Y. 1990). "[T]he willingness of courts to leave debtors-in-possession is premised upon an assurance that the officers and managing employees can be depended upon to carry out the fiduciary responsibilities of a trustee." Commodity Futures Trading Comm'n v. Weintraub, 471 U.S. 343, 355 (1985); In re V. Savino Oil & Heating Co., Inc., 99 B.R. 518, 526 (Bankr. E.D.N.Y. 1989).

24. The list of wrongs constituting "cause" is non-exclusive, and thus, include: "conflicts of interest, including inappropriate relations between corporate parents and the subsidiaries; misuse of assets and funds; inadequate record keeping and reporting; various instances of conduct found to establish fraud or dishonesty; and lack of credibility and creditor confidence." In re Altman, 230 B.R. 6, 16 (Bankr.D.Conn. 1999).

25. In the Second Circuit, a clear and convincing evidence standard was adopted in assessing whether to appoint a Chapter 11 trustee under Section 1104(a)(1). In re Bayou Group, LLC, 564 F.3d 541, 546 (2d Cir. 2009); In re Euro-American Lodging Corp., 365 B.R. 421, 426 (Bankr. S.D.N.Y. 2007). Once a court finds cause under Section 1104, "there is no discretion; an independent trustee must be appointed." 1031 Tax Group, LLC, 374 B.R. 78 (Bankr. S.D.N.Y. 2007).

9

26. Section 1104(a)(2) covers appointing a trustee even when no "cause" exists, so long as it is in the interests of the creditors, any equity security holders and other interests of the estate. *See* Sharon Steel, 871 F.2d at 1226; In re Ridgemour Meyer Props., LLC, 413, B.R. 101, 113 (Bankr. S.D.N.Y. 2008). Under Section 1104(a)(2), courts look to the practical realties and necessities of the case, and the standard is flexible. Ridgemour, 413 B.R. at 112; In re Adelphia Comm's Corp., 336 B.R. 610, 658 (Bankr. S.D.N.Y. 2006), aff'd 342 B.R. 122 (S.D.N.Y. 2006); Euro-American, 365 B.R. at 427; 1031 Tax Group, 374 B.R. at 90-91.  The courts consider the following factors, among others: (1) the trustworthiness of the debtor, (2) the debtor's past and present performance and prospects for rehabilitation, (3) the confidence – or lack thereof – of the business community and of creditors in present management, and (4) the benefits derived from the appointment of a trustee, balanced against the cost of the appointment. Ridgemour, 413 B.R. at 112; Euro-American, 365 B.R. at 427; 1031 Tax Group, 374 B.R. at 91.

## II. Cause Exists for the Appointment of a Chapter 11 Trustee

27. Appointing a Chapter 11 Trustee is required for cause under 11 U.S.C. §1104(a)(1), due to the non-waivable inherent conflict of interests due to Jeffrey Wu's multiple fiduciary duties. Jeffrey Wu, as the Debtor's fiduciary, cannot operate the Debtor in the chapter 11 context, as Jeffrey Wu also has the equivalent fiduciary duties to New Enterprise and Hong Kong Supermarket.  The Debtor has a duty to pursue the non-payment of rents by New Enterprise and Hong Kong Supermarket.  However, so long as the three (3) entities have the same individual as managing member, principal or president, the Debtor's bankruptcy estate cannot be protected as it should be.  These fiduciary duties are in a direct conflict, and cannot be waived.  These interests in this case cannot co-exist.  Therefore, it would be inevitable for the Debtor to compromise the best interests of its bankruptcy estate and its creditors, while not zealously pursuing its interests against New Enterprise and Hong Kong Supermarket.

10

28. Furthermore, since the Debtor never filed monthly operating reports in this case, the parties in interest are left uninformed of the finances of the Debtor. Due to the inherent conflicts of interest among the Debtor, Hong Kong Supermarket and New Enterprise, a Chapter 11 Trustee is needed to reevaluate the Debtor's books and records, and corroborate or correct the current composition of the Debtor's pre-petition debt structure.

### III. The Appointment of a Chapter 11 Trustee is in the Best Interest of Creditors

29. Under 11 U.S.C. §1104(a)(2), the Debtor is not operating in the best interest of the creditors, as the officers of the Debtor, New Enterprise and Hong Kong Supermarket have directly conflicting interests, which cannot be represented by the same individuals. Prior to bankruptcy filing, Jeffrey Wu also retained the same law firm, The Hugh Mo Firm, on behalf of the Debtor, New Enterprise and Hong Kong Supermarket, among other entities. By doing so, Jeffery Wu and Lewis Wu had acted not in best interest of the Debtor, and the pattern of their diluted fiduciary duty to the creditors and the Debtor continues to exist to this date.

30. For the practical realties and necessities of this case, it is also necessary to appoint a disinterested third-party trustee since the Debtor, creditors and other parties in interest consist of many of the related family members of the three brothers – Jeffrey, Lewis and Phillip Wu. By appointing a third-party trustee, the case would be managed more objectively, which would be in the best interest of creditors in this case.

### IV. Alternatively, the Court May Also Convert the Case to One Under Chapter 7

31. If the Court elects not to appoint a Chapter 11 trustee, conversion of the case to one under Chapter 7 is restfully requested. This case has been costly for all parties in interest, and the same issues seem to be re-litigated in the Matrimonial Action, in the HKS Holdover Action, and in this instant bankruptcy proceeding along with multiple adversary proceedings. This has been a

gross mismanagement of the estate with the meaning of section 1112(b)(4)(B) of the Bankruptcy Code.

**WHEREFORE**, Margaret Wu respectfully requests that the Court enter an order appointing a Chapter 11 trustee, or in the alternative, converting this case to one under Chapter 7 of the Bankruptcy Code, and granting such other and further relief as may be deemed just and proper.

Dated: New York, New York
       November 25, 2013

                          MORRISON-TENENBAUM, PLLC

                          Lawrence F. Morrison
                          87 Walker Street, Floor 2
                          New York, NY 10013
                          T: 212-620-0938
                          F: 646-998-1972
                          lmorrison@m-t-law.com