UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                                    Chapter 11
QUEEN ELIZABETH REALTY CORP.,                        Case No. 13-12335 (SMB)

                        Debtor.
-------------------------------------------------------------x

## CHAPTER 11 PLAN OF REORGANIZATION OF THE DEBTOR

     Margaret Wu hereby propose the following Chapter 11 Plan of Reorganization of the Debtor pursuant to Section 1121 (a) of the Bankruptcy Code. Reference is made to the court-approved "Disclosure Statement" relating to this Plan for risk factors and a summary and analysis of this Plan and certain related matters. Margaret Wu is the proponent of this Plan within the meaning of Section 1129 of the Bankruptcy Code. Subject to the restrictions on modifications set forth in Section 1127 of the Bankruptcy Code, Rule 3019 of the Federal Rules of Bankruptcy Procedure and the provisions of this Plan, the Plan Proponent expressly reserves the right to alter, amend or modify this Plan, as needed, at any time prior to substantial consummation thereof.

## ARTICLE 1

## DEFINITIONS

     Unless the context otherwise requires (i) the following terms shall have the following meanings when used in this Plan; (ii) any capitalized term that is used in this Plan and not defined in this Article 1 but that is defined in the Bankruptcy Code or the Bankruptcy Rules shall have the meaning set forth therein; (iii) terms stated in the singular shall include the plural and vice versa; (iv) pronouns stated in the masculine, feminine or neuter gender shall include the masculine, the feminine and the neuter; (v) all section, article and exhibit references in this Plan are to the respective section of, article of or exhibit to this Plan; (vi) any reference to a contract, instrument, release or other agreement or document being in a particular form or on particular terms and conditions, means that such document shall be substantially in such form or substantially on such terms and conditions except as stated otherwise in this Plan; (vii) any reference to an existing document or exhibit filed or to be filed means such document or exhibit, as it may have been or may be amended, modified or supplemented; (viii) the words "herein", "hereof", "hereto" or "hereunder" and other words of similar import refer to this Plan in its entirety rather than to only a particular portion of this Plan; (ix) the rules of construction set forth in Section 102 of the Bankruptcy Code shall govern construction of this Plan; and (x) any reference contained herein to the Bankruptcy Code, or to any section of the Bankruptcy Code, refers to the Bankruptcy Code, or such section of the Bankruptcy Code, as it is existing and effective on the Petition Date, except to the extent, if any, that any post-Petition Date amendment to the Bankruptcy Code applies retroactively to cases filed on the Petition Date.

1

1.1 **"Administrative Expense"** or **"Administrative Claim"** means any cost or expense of administration of this Case, other than Statutory Fees, allowable under Section 503(b) of the Bankruptcy Code.

1.2 **"Allowed"** when used with "Claim" or "Administrative Expense" means a Claim or Administrative Expense against the Debtor that has not been disallowed pursuant to a Final Order and is not a Disputed Claim and (i) with respect to which a Proof of Claim or Proof of Administrative Expense Claim has been timely filed with the clerk of the Bankruptcy Court or, (ii) if no Proof of Claim has been filed, that has been or hereafter is listed by the Debtor in the Schedules as liquidated in amount and not disputed or contingent.

1.3 **"Allowed Interest"** means an Interest in the Debtor that has not been disallowed and with respect to which (i) a proof of interest has been timely filed or, (ii) if no proof of interest has been timely filed, that has been or hereafter is listed by the Debtor in the Schedules as liquidated in amount and not disputed or contingent.

1.4 **"Approval Order"** means the order approving the sale of the Property to the Successful Bidder. The Approval Order may be contained within the Confirmation Order.

1.5 **"Auction"** means the auction for the determination of the highest bidder for the sale of the Property to be held on or before the Confirmation Hearing Date.

1.6 **"Bankruptcy Code"** means Title 11 of the United States Code, as amended from time to time and effective as to the Case as filed on the Petition Date.

1.7 **"Bankruptcy Court"** means the United States Bankruptcy Court for the Southern District of New York or the United States District Court for the Southern District of New York to the extent it withdraws the reference over all or any portion of this Case pursuant to Section 157(d) of Title 28 of the United States Code.

1.8 **"Bankruptcy Rules"** mean (i) the Federal Rules of Bankruptcy Procedure, and (ii) the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York, in either case, as now in effect or hereinafter amended.

1.9 **"Bar Date"** means October 28, 2013.

1.10 **"Bid Procedures"** means those procedures approved by the Bankruptcy Court which will govern the conduct of the Auction for the Property, the qualification of bidders to bid at each Auction and other matters related thereto, as more specifically set forth in the Order approving and establishing the Bid Procedures.

1.11 **"Business Day"** means any day other than a Saturday, Sunday, or other day on which commercial banks in New York, New York are authorized or required by law to close, or other Legal Holiday.

1.12 **"Case"** means this case under chapter 11 of the Bankruptcy Code commenced in the Bankruptcy Court on the Petition Date and styled *In re Queen Elizabeth Realty Corp.*, Case No. 13-12335 (SMB).

1.13 **"Cash"** means, on any Business Day, immediately available funds, in United States dollars, which may be spent or transferred without restriction no later than the next Business Day.

1.14 **"Claim"** means claim as defined in Section 101(5) of the Bankruptcy Code.

1.15 **"Class"** means a category of substantially similar Claims or Interests as established pursuant to this Plan.

1.16 **"Closing"** means the consummation of the sale of the Property to the Successful Bidder at which point title to the Property will be transferred to the Successful Bidder in accordance with the Approval Order. The Closing, unless ordered otherwise by the Bankruptcy Court, shall take place on the Effective Date.

1.17 **"Confirmation"** or **"Confirmation Date"** means the date on which the Confirmation Order is entered.

1.18 **"Confirmation Hearing Date"** means the date the Court holds the Confirmation Hearing. If said hearing is conducted on more than one day, each day shall be a Confirmation Hearing Date.

1.19 **"Confirmation Order"** means an Order confirming this Plan pursuant to Section 1129 of the Bankruptcy Code.

1.20 **"Creditor"** means a holder of a Claim that has not been disallowed pursuant to a Final Order.

1.21 **"Debtor"** means Queen Elizabeth Realty Corp.

1.22 **"Deficiency Claim"** means that portion of an Allowed Claim that exceeds the value of property in which the Estate has an interest that is subject to a Lien securing such Allowed Claim.

1.23 **"Disbursing Agent"** means Pick & Zabicki LLP.

1.24 **"Disclosure Statement"** means the Disclosure Statement for this Plan, including all exhibits, attachments or amendments thereto, approved by Final Order of the Bankruptcy Court as containing "adequate information" within the meaning of Section 1125 of the Bankruptcy Code.

3

1.25 **"Disputed Claim"** means (a) any Claim that is listed in the Schedules as disputed, contingent or unliquidated and with respect to which no Proof of Claim has been filed; and (b) any Claim (including an Administrative Expense), or portion thereof, that has not been disallowed and with respect to which an objection or action concerning the allowance and/or extent thereof, in whole or in part, has been interposed within the applicable period of limitation fixed by this Plan, the Bankruptcy Code, the Bankruptcy Rules or the Bankruptcy Court, to the extent that any such objection or action has not been resolved by a Final Order.

1.26 **"Disputed Claim Reserve"** means the segregated account or accounts established by the Disbursing Agent pursuant to this Plan.

1.27 **"Distribution"** means a disbursement of Cash made to holders of Allowed Claims and Allowed Interests under the provisions of this Plan.

1.28 **"Effective Date"** means the later of (i) one Business Day after the Confirmation Order becomes a Final Order; or (ii) the date all conditions to the Effective Date have been satisfied or waived by the entity entitled by this Plan to waive such condition.

1.29 **"Entity"** means entity as defined in Section 101(15) of the Bankruptcy Code.

1.30 **"Estate"** means the estate created on the Petition Date pursuant to Section 541 of the Bankruptcy Code.

1.31 **"Executory Contract"** means an executory contract or unexpired lease within the meaning of Section 365 of the Bankruptcy Code.

1.32 **"Final Order"** means an order which is: (i) not subject to a pending appeal; (ii) no longer appealable, or if appealed, affirmed on appeal with no further appeals possible; except that the Confirmation Order shall be deemed a Final Order on the first Business Day after entry thereof so long as no stay of a Court of competent jurisdiction staying consummation of this Plan and a closing of the sale of the Property is in effect.

1.33 **"General Unsecured Claim"** means a Claim, including any Deficiency Claim, that is not a Statutory Fee, an Administrative Claim, a Priority Tax Claim, or a Secured Claim.

1.34 **"Interests"** means any and all equity interests held in the Debtor.

1.35 **"Interest Holder"** means the holder of an Allowed Interest in the Debtor.

1.36 **"Legal Holiday"** means a Legal Holiday as that term is defined in Bankruptcy Rule 9006(a).

1.37 **"Lien"** means a charge, hold, claim, or encumbrance upon the Property or any other assets of the Estate.

1.38 **"Net Sale Proceeds"** means the gross proceeds from the sale of the Property less all expenses of sale including any broker's fee approved by the Bankruptcy Court.

1.39 **"Order"** means an order of the Bankruptcy Court.

1.40 **"Petition Date"** means July 17, 2013, the date on which this Case was commenced by the filing of a voluntary petition for relief under chapter 11 of the Bankruptcy Code by the Debtor.

1.41 **"Plan"** means this Chapter 11 Plan of Reorganization, as it may be amended, supplemented or modified from time to time, including any exhibits or schedules annexed hereto or required to be filed with the Bankruptcy Court pursuant hereto.

1.42 **"Plan Proponent"** means Margaret Wu.

1.43 **"Priority Tax Claim"** means an Allowed Claim of a Governmental Unit of the kind specified in Section 507(a)(8) of the Bankruptcy Code.

1.44 **"Professional"** means all professionals employed pursuant to Bankruptcy Court order under applicable sections of the Bankruptcy Code.

1.45 **"Professionals' Fees"** means compensation for services rendered, and reimbursement of expenses incurred, by Professionals, as awarded by Final Order following application, in accordance with Sections 330 and 331 of the Bankruptcy Code.

1.46 **"Proof of Claim"** means a proof of Claim filed pursuant to Section 501 of the Bankruptcy Code and the applicable Bankruptcy Rules.

1.47 **"Property"** means the real property and all improvements thereon owned by the Debtor located at 157 Hester Street, a/k/a 68-82 Elizabeth Street, New York, New York.

1.48 **"Pro Rata"** means the proportion an Allowed Claim or an Allowed Interest in a particular Class bears to the aggregate amount of all Allowed Claims or Allowed Interests in such Class.

1.49 **"Qualified Bidder"** means B.S.A. Equities (or its designee) and any other Entity which meets the criteria, as set forth in the Bid Procedures, to bid for the Property at the Auction.

1.50 **"Receiver"** means Dean K. Fong, the Receiver appointed by the Supreme Court of the State of New York in connection with Phillip Wu's business and property interests.

1.51    **"SCB"** means Shanghai Commercial Bank Ltd., its predecessors, successors and assigns.

1.52    **"SCB Secured Claim"** means the Allowed Claim, if any, held by SCB secured by a valid, enforceable Lien on the Property under applicable non-bankruptcy law that was perfected as of the Petition Date and is not otherwise avoidable, and as represented by proof of claim number 1 filed in the Case.

1.53    **"Schedules"** mean the schedules of assets and liabilities and the Statement of Financial Affairs filed by the Debtor with the Bankruptcy Court in accordance with Section 521(1) of the Bankruptcy Code and Rule 1007 of the Bankruptcy Rules and any amendments thereto.

1.54    **"Secured Claim"** means an Allowed Claim, including all amounts, if any, allowed pursuant to Section 506(b) of the Bankruptcy Code, to the extent that it is secured by a Lien on property in which the Estate has an interest or that is subject to setoff under Section 553 of the Bankruptcy Code, to the extent of the value of the Claim holder's interest in the Estate's interest in such property or to the extent of the amount subject to set-off, as applicable, as determined pursuant to Section 506(a) of the Bankruptcy Code.

1.55    **"Statutory Fees"** mean all fees and charges assessed against the Estate under Section 1930 of title 28 of the United States Code.

1.56    **"Successful Bidder"** means the Qualified Bidder who the Bankruptcy Court determined made the highest and/or best bid for the Property and whose bid is approved by the Bankruptcy Court.

1.57    **"Transfer Taxes"** means any and all stamp taxes or similar taxes, if and as applicable, within the meaning of Section 1146(a) of the Bankruptcy Code.

1.58    **"Unexpired Lease"** means an unexpired lease within the meaning of Section 365 of the Bankruptcy Code.

## ARTICLE 2

## TREATMENT OF UNCLASSIFIED CLAIMS

Pursuant to Section 1123(a)(1) of the Bankruptcy Code, this Plan does not classify Statutory Fees, Administrative Expenses or Allowed Priority Tax Claims. Such Claims, to the extent Allowed, shall receive the treatment provided in this Article 2 in full satisfaction, release and discharge thereof.

2.1.    **Statutory Fees.** Statutory Fees (and any applicable interest thereon) that are due on or prior to the Effective Date of this Plan shall be paid on the Closing Date. Statutory Fees and the applicable interest thereon that may become due after the Effective Date shall be paid as they become due by the Debtor until the entry of a final decree closing

the chapter 11 Case, conversion of the Case to chapter 7 or dismissal of the Case whichever happens earlier.

2.2. **Administrative Claims.** Subject to the provisions of this Plan with respect to Disputed Claims, each Administrative Claim, to the extent not previously paid, shall be paid by the Disbursing Agent in Cash in full on (i) the later of (x) the Closing Date, (y) the date payment of such Claim is due under the terms thereof or applicable law, or (z) three business days after such Claim becomes an Allowed Administrative Claim or (ii) as may be otherwise agreed in writing by the holder of such Claim; provided, however, that any Administrative Claim incurred by the Debtor or the Receiver in the ordinary course of its business shall be paid in full in accordance with the terms and conditions of the particular transaction giving rise to such Administrative Claim and any agreements relating thereto.

All Professionals shall file final applications for approval of compensation and reimbursement of reasonable and necessary expenses pursuant to Section 330 of the Bankruptcy Code, and the Plan Proponent shall file any application for allowance of an Administrative Claim pursuant to Section 503(b) of the Bankruptcy Code, no later than thirty (30) days following the Effective Date. Any such application timely filed shall be deemed to be an Administrative Claim, subject to the entry of a Final Order by the Bankruptcy Court approving such application. Upon entry of a Final Order approving an application, the fees shall be paid within three (3) days thereafter or in accordance with this Plan.

2.3.    **Priority Tax Claims.** In full satisfaction, release and discharge, the holders of Allowed Priority Tax Claims shall be paid in Cash in full on the later of (i) the Closing Date, or (ii) as soon as practicable after such Claim becomes an Allowed Priority Tax Claim.

## ARTICLE 3

## CLASSIFICATION OF CLAIMS AND INTERESTS

Except as may otherwise be provided in Article 2, Allowed Claims and Allowed Interests are classified as set forth in this Article 3. A Claim or Interest is in a particular Class designated herein only to the extent such Claim or Interest (i) fits within the description of such Class and is in such other and different Class or Classes to the extent that the remainder thereof fits within the description of such other Class or Classes and (ii) has not been paid, released or otherwise satisfied prior to the Effective Date.

3.1.    **Class 1** - Class 1 consists of the SCB Secured Claim.

3.2.    **Class 2** – Class 2 consists of all General Unsecured Claims.

3.3     **Class 3** - Class 3 consists of all Interests in the Debtor.

7

## ARTICLE 4

## IDENTIFICATION OF IMPAIRED AND UNIMPAIRED CLAIMS AND INTERESTS

Claims in Class 1 are not impaired and are deemed to have accepted this Plan. Allowed Claims in Class 2 and Allowed Interests in Class 3 are impaired and entitled to vote on this Plan.

## ARTICLE 5

## TREATMENT OF CLAIMS AND INTERESTS

5.1 **Class 1 – SCB Secured Claim.** SCB shall be paid the full Allowed Amount of the SCB Secured Claim on the later of (i) the Closing Date; or (ii) not later than five (5) Business Days after such Claim becomes an Allowed Claim in full satisfaction, release and discharge thereof.

5.2 **Class 2 – General Unsecured Claims.** To the extent that any funds are available from the Net Sale Proceeds and/or the net Cash on hand with the Receiver after full payment of all Statutory Fees, Administrative Claims, Priority Tax Claims, and the SCB Secured Claim in Class 1, each holder of an Allowed Class 2 General Unsecured Claim shall be paid a Pro Rata Cash Distribution of the amounts available on the later of the Closing Date; or (ii) not later than five (5) Business Days after such Claim becomes an Allowed Claim, not to exceed payment in full plus interest at the legal rate in full satisfaction, release and discharge thereof.

5.3 **Class 3 - Interests.** To the extent that any Net Sale Proceeds and/or net Cash on hand with the Receiver are available after full payment of all Statutory Fees, Administrative Claims, Priority Tax Claims, the SCB Secured Claim in Class 1, and General Unsecured Claims in Class 2, each holder of an Allowed Class 3 Interest shall be paid a Pro Rata Cash Distribution of the amounts available on the later of (i) the Closing Date; or (ii) not later than five (5) Business Days after such Claim becomes an Allowed Claim in full satisfaction, release and discharge thereof.

## ARTICLE 6

## TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.1    **Treatment of Executory Contracts; Bar Date for Rejection Claims.** All Executory Contracts, to the extent not previously rejected or assumed or designated to be assumed and assigned pursuant to this Plan, All Executory Contracts, to the extent not previously rejected or assumed, shall be deemed rejected on Confirmation effective as of the Effective Date. Any claim for damages arising from such rejection shall be filed with the Court no later than thirty (30) days after receipt of notice of the occurrence of the Effective Date.

8

# ARTICLE 7

## IMPLEMENTATION OF THIS PLAN

7.1. **Implementation.** The Confirmation Order shall contain appropriate provisions, consistent with Section 1142 of the Bankruptcy Code, directing the Debtor to execute or deliver or to join in the execution or delivery of any instrument required to effect a transfer of the Property and to perform any act, including the satisfaction of any Lien, that is necessary for the consummation of this Plan.

7.2. **Sale of Assets.** In furtherance of implementation of this Plan, the Debtor shall consummate the Closing and sale of the Property and such sale shall not be taxed under any law imposing a stamp or similar tax as provided for in Section 1146(a) of the Bankruptcy Code.

7.3. **Conveyance of the Property.**

(i)     The Bid Procedures for the Property shall be as set forth in the Order of the Bankruptcy Court approving and establishing same.

(ii)    The Confirmation Order shall constitute an order of the Bankruptcy Court authorizing and directing the Debtor, upon the occurrence of the Closing Date, to transfer the Property and to otherwise consummate the sale of the Property to the Successful Bidder. All proceeds of the sale shall be paid to Creditors and Interests Holders in order of priority in accordance with this Plan.

(iii)   The Confirmation Order shall authorize and direct the Debtor to convey title to the Property to the Successful Bidder pursuant to Sections 363(f), 1123(a)(5)(D) and 1141(a) and (c) of the Bankruptcy Code, free and clear of all Liens, Claims, encumbrances or interests (other than permitted liens or encumbrances).

(iv)    Pursuant to Section 1146(a) of the Bankruptcy Code, the deed conveying the Property shall be an instrument of transfer in connection with or in furtherance of this Plan and shall not be subject to tax under any law imposing a stamp tax, real estate Transfer Taxes, mortgage recording tax or similar tax, and, to the extent provided by Section 1146(a) of the Bankruptcy Code, if any, shall not be subject to any state, local or federal law imposing sales tax.

(iv)    On the Effective Date, the Property shall be transferred to the Successful Bidder upon the terms and conditions and otherwise in accordance with this Plan.

7.4. **Funding.** Except as set forth elsewhere in this Plan all payments required to be made under this Plan shall be made by the Disbursing Agent in accordance with the terms of this Plan from the Net Sale Proceeds and any Cash on hand with the Receiver or the Debtor.

7.5. **Management of the Debtor.** On and after the Effective Date, and notwithstanding the sale of the Property, pending final Distributions to Creditor and Interest Holders and the resolution of Disputed Claims that would receive a Distribution based on available funds, the Debtor shall not be dissolved and, therefore, its operations shall continue to be the general responsibility of the Interest Holders and/or the Receiver, who shall have the responsibility for the management, control and operation of the Debtor, pursuant to the Debtor's operating documents.

7.6. **Execution of Documents.** On the Closing Date, the Debtor, shall execute, release and deliver all documents reasonably necessary to consummate the transactions contemplated by the terms and conditions of this Plan. Pursuant to Sections 105, 1141(c) and 1142(b) of the Bankruptcy Code, the Debtor shall be authorized to execute any estoppel certificate, or any notice of satisfaction, release or discharge of any Lien, Claim or encumbrance not expressly preserved in this Plan and deliver such notices to any and all federal, state and local governmental agencies or departments for filing and recordation, and the Confirmation Order shall expressly so provide.

7.7. **Filing of Documents.** Pursuant to Sections 105, 1141(c) and 1142(b) of the Bankruptcy Code, each and every federal, state and local governmental agency or department, shall be directed to accept and record any and all documents and instruments necessary, useful or appropriate to effectuate, implement and consummate the transactions contemplated by this Plan, and any and all notices of satisfaction, release or discharge or assignment of any Lien, Claim or encumbrance not expressly preserved by this Plan.

7.8. **Preservation of Rights of Action.** Except as otherwise provided in this Plan, or in any contract, instrument, release or other agreement entered into in connection with this Plan, the Plan Proponent and the Debtor shall retain, and in accordance with his determination of the best interest of the estate, may enforce any claims, rights and causes of action (i) arising under Sections 510 and 544 through 550 of the Bankruptcy Code or (ii) belonging to the Debtor as of the Petition Date, or the Estate of the Debtor, and arising under any provision of state or federal law, or any theory of statutory or common law or equity, including, but not limited to, any cause of action asserted, or which may hereafter be asserted. Any recovery received by the Plan Proponent or the Debtor through the prosecution, settlement or collection of any such claim, right or cause of action, shall be used to satisfy Allowed Claims under the terms of this Plan.

# ARTICLE 8

## PROVISIONS GOVERNING DISTRIBUTIONS

8.1. **Disbursing Agent.** All Distributions under this Plan shall be made by the Disbursing Agent who shall not be required to give any bond or surety or other security for the performance of its duties unless otherwise ordered by the Bankruptcy Court.

8.2. **Rights and Powers of the Disbursing Agent.** The Disbursing Agent shall be empowered to (i) effect all actions and execute all agreements, instruments and other

documents necessary to perform its duties under this Plan, (ii) make all Distributions contemplated hereby, (iii) employ and compensate professionals to represent it with respect to its responsibilities and (iv) exercise such other powers as may be vested in the Disbursing Agent by order of the Bankruptcy Court, pursuant to this Plan, or as deemed by the Disbursing Agent to be necessary and proper to implement the provisions hereof.

8.3. **Timing of Certain Distributions Under this Plan.** Except as otherwise provided in this Plan, any payments, Distributions or other performance to be made pursuant to this Plan on account of any Disputed Claim shall be deemed to be timely made if made on or within five (5) days following the later of (i) the Effective Date or (ii) the expiration of any applicable objection deadline with respect to such Disputed Claim or (iii) such other times provided in this Plan.

8.4. **Method of Payment.** Unless otherwise expressly agreed, in writing, all Cash payments to be made pursuant to this Plan shall be made by check drawn on a domestic bank.

8.5. **Objection Deadline.** Unless otherwise ordered by the Bankruptcy Court, the Plan Proponent and/or the Debtor may file and serve any objection to any Claim or Interest at any time, but in no event after the later to occur of (i) 180 days following the Effective Date, (ii) 180 days after the date proof of such Claim or Interest or a request for payment of such Claim is filed.

8.6. **Prosecution of Objections.** After the Effective Date, the Plan Proponent and/or the Debtor, only, shall have authority to settle, compromise, withdraw or resolve objections to Claims.

8.7. **No Distribution Pending Allowance.** No payment or Distribution of Cash or other property shall be made with respect to any portion of a Disputed Claim unless and until all objections to such Disputed Claim are withdrawn or resolved by Final Order.

8.8. **Escrow of Cash Distributions.** On any date that Distributions are to be made under the terms of this Plan, the Disbursing Agent shall deposit in one or more segregated accounts, Cash or property equal to 100% of the Cash or property that would be distributed on such date on account of Disputed Claims as if each such Disputed Claim were an Allowed Claim but for the pendency of a dispute with respect thereto, including, but not limited to (i) Disputed Claims that may be entitled to treatment as Administrative Expenses or as priority claims pursuant to Sections 503 and 507 of the Bankruptcy Code, (ii) claims of Governmental Units for any tax and (iii) any amount due but not payable on the Effective Date on account of Administrative Expenses or claims entitled to priority pursuant to Sections 503 and 507 of the Bankruptcy Code). The Disbursing Agent shall also segregate any interest, dividends or proceeds of such Cash. Such Cash together with any interest, dividends or proceeds thereof, be held in trust for the benefit of the holders of all such Disputed Claims pending determination of their entitlement thereto.

8.9. **Distribution After Allowance.** Within five (5) Business Days after the entry of a Final Order resolving an objection to a Disputed Claim, the Disbursing Agent shall distribute all Cash or other property, including any interest, dividends or proceeds thereof,

11

to which a holder is then entitled with respect to any Disputed Claim that has become an Allowed Claim.

**8.10. Investment of Segregated Cash and Property.** To the extent practicable, the Disbursing Agent may invest any Cash or other property segregated on account of a Disputed Claim, undeliverable Distribution, or any proceeds thereof (i) in a manner that will yield a reasonable net return taking into account the safety of the investment or (ii) in any manner permitted by Section 345 of the Bankruptcy Code; provided, however, that the Disbursing Agent shall be under no obligation to so invest such Cash or proceeds and shall have no liability to any party for any investment made or any omission to invest such Cash, other property or proceeds.

**8.11. Delivery of Distributions.** Except as provided in this Plan, Distributions to holders of Allowed Claims and Allowed Interests shall be made: (1) at the addresses set forth on the respective Proofs of Claim or Proofs of Interests Filed by such holders; (2) at the addresses set forth in any written notices of address changes delivered to the Disbursing Agent after the date of any related Proof of Claim; or (3) at the address reflected in the Schedules if no Proof of Claim is filed and the Disbursing Agent has not received a written notice of a change of address.

**8.12. Undeliverable Distributions.**

(a) If the Distribution to the holder of any Claim or Interest is returned to the Disbursing Agent as undeliverable, no further Distribution shall be made to such holder unless and until the Disbursing Agent is notified in writing of such holder's then current address. Undeliverable Distributions shall remain in the possession of the Disbursing Agent until the earlier of (i) such time as a Distribution becomes deliverable or (ii) such undeliverable Distribution becomes an unclaimed Distribution pursuant to this Plan.

(b) Until such time as an undeliverable Distribution becomes an unclaimed Distribution pursuant to this Plan, within thirty (30) days after the end of each calendar quarter following the Effective Date, the Disbursing Agent shall make Distributions of all Cash and property that has become deliverable during the preceding quarter. Each such Distribution shall include the net return yielded from the investment of any undeliverable Cash from the date such Distribution would have been due had it then been deliverable to the date that such Distribution becomes deliverable.

(c) Nothing contained in this Plan shall require the Disbursing Agent to attempt to locate any holder or an Allowed Claim of an Allowed Interest.

**8.13. Unclaimed Distributions.** Any Cash or other property to be distributed under this Plan that is unclaimed shall be reallocated to those Creditors with Allowed Claims in the same class of Creditor whom such Distribution was initially made. Such reallocation shall be made after the expiration of (i) three months after the Effective Date and such funds remain unclaimed or (ii) thirty days after an Order allowing the Claim of that Entity becomes a Final Order, and such Entity's claim shall be deemed to be reduced to zero.

**8.14. Set-offs.** The Disbursing Agent may, but shall not be required to, set-off against the Distributions to be made pursuant to this Plan the claims, obligations, rights,

causes of action and liabilities of any nature that the Debtor may hold against the holder of an Allowed Claim, provided, however, that neither the failure to effect such a set-off nor the allowance of any claim hereunder shall constitute a waiver or release by the Debtor of any such claims, obligations, rights, causes of action and liabilities that the Debtor has or may have against such holder.

8.15. **Disallowance.** Any Disputed Claim for which no proof of claim has been filed on or prior to the Bar Date shall be disallowed and expunged as of the Effective Date.

## ARTICLE 9

## DISCHARGE, INJUNCTION AND RELEASES

9.1. **Discharge.** Except as otherwise provided in this Plan, all Persons shall be precluded and enjoined from asserting against the Debtor, and its respective successors, assets or properties, or against any property that is distributed, or is to be distributed under this Plan, any other or further Claim or Interest based upon any acts or omission, transaction or other activity of any kind or nature that occurred prior to the Effective Date.

Except as otherwise provided under this Plan, or a Final Order of the Bankruptcy Court, any judgment at any time obtained, to the extent that such judgment is a determination of the liability of the Debtor with respect to any debt discharged pursuant to this Plan shall be null and void and of no force and effect, regardless of whether a Proof of Claim or Proof of Interest therefor was filed or deemed filed and, except as otherwise provided in this Plan, all Creditors holding Claims against the Debtor, or holders of Interests in the Debtor shall be precluded from asserting against the Debtor, and any of its assets or the Property or any property distributed under this Plan, any other or further Claims or Interests based upon any act or omission, transaction or other activity of any kind or nature that occurred prior to the Confirmation Date, and the Confirmation Order shall permanently enjoin all Creditors and holders of Interests, their successors and assigns, from enforcing or seeking to enforce any such Claims or Interests.

9.2. **Injunction.** Except (i) as otherwise provided in this Plan (ii) as otherwise provided under Final Order entered by the Bankruptcy Court or (iii) with respect to the obligations created under this Plan, the entry of the Confirmation Order shall forever stay, restrain and permanently enjoin on and after the Confirmation Date (i) the commencement or continuation of any action, the employment of process, or any act to collect, enforce, attach, recover or offset from the Debtor's Property sold under this Plan, (ii) the creation, perfection or enforcement of any Lien or encumbrance against the Property sold under this Plan, or (iii) any Claim or Interest discharged under the Confirmation Order as against the Debtor's Property sold under this Plan.

9.3. **Releases.** Neither the Plan Proponent, nor any professional person employed by the Plan Proponent, shall have or incur any liability to any entity for any action taken or omitted to be taken in connection with or related to the formulation, preparation, prosecution, dissemination, Confirmation, consummation or administration of this Plan, the Disclosure Statement or any contract, instrument, release or other agreement or document created or entered into, or the Distribution of property under this Plan, or any other action

taken or omitted to be taken in connection with the Case or this Plan, except as may be expressly provided for in such agreements or documents, and except for willful misconduct or gross negligence, breach of fiduciary duty, criminal conduct, ultra vires actions or the disclosure of confidential information that causes damages. In addition, any release exculpation or limitation of liability provided for in this Plan shall not release any attorney from any obligations owed under Rule 1.8(h) of the New York Rules of Professional Conduct for malpractice liability. Nothing in this Plan or the Confirmation Order shall effect a release of any claim by the United States Government or any of its agencies or any state and local authority, including without limitation any claim arising the Internal Revenue Code, the environmental laws or any criminal laws of the United States or any state and local authority against (i) the Debtor, (ii) any of the Debtor's members, shareholders, officers, directors, employees, attorneys, advisors, agents, representatives, and assigns; (iii) the Plan Proponent; and/or (iv) any of the Plan Proponent's attorneys, advisors, agents, representatives, and assigns. In addition, subject to Sections 524 and 1141 of the Bankruptcy Code, the releases, exculpations, and limitations of liability described herein shall not preclude police, federal tax, or regulatory agencies from fulfilling their statutory duties.

       **9.4. Plan and Confirmation Order as Release.** From and after the Effective Date, a copy of the Confirmation Order and this Plan shall constitute and may be submitted as a complete defense to any claim or liability released pursuant to this Plan.

## ARTICLE 10

## CONDITIONS TO CONFIRMATION AND THE EFFECTIVE DATE

       **10.1. Conditions for Confirmation.** In addition to meeting the requirements of Section 1129 of the Bankruptcy Code, the following conditions shall be conditions to the Confirmation of this Plan:

       (a) the Confirmation Order shall approve in all respects all of the provisions, terms and conditions of this Plan, and

       (b) the Confirmation Order is satisfactory to the Plan Proponent in form and substance.

       **10.2. Conditions to the Effective Date.** The following shall be conditions to the Effective Date of this Plan. The Successful Bidder may waive a condition by filing a "Notice of Waiver of Condition" with the Bankruptcy Court on the Court's Electronic Court Filing System:

       (a)    the Confirmation Order and Approval Order, in form and substance satisfactory to the Plan Proponent in its sole discretion, shall have been entered and become a Final Order; and

       (b)    all actions required to be taken to implement the Confirmation Order including but not limited to a transfer of the Property at the Closing shall have occurred.

# ARTICLE 11

## MISCELLANEOUS PROVISIONS

**11.1. Orders in Aid of Consummation.** Pursuant to Sections 105, 1141, 1142 and 1143 of the Bankruptcy Code, the Bankruptcy Court may enter one or more Orders in aid of Confirmation directing the implementation of matters or actions required by this Plan.

**11.2. Compliance with Tax Requirements.** In connection with this Plan, the Plan Proponent and the Disbursing Agent shall comply with all withholding and reporting requirements imposed by federal, state and local taxing authorities and Distributions under this Plan shall be subject to such withholding and reporting requirements; providing, however, that the transfer of any Cash, property or other interest hereunder shall not be subject to any federal, state or local tax to the fullest extent provided under Section 1146 of the Bankruptcy Code.

**11.3. Due Authorization by Creditors.** Each and every Creditor who accepts the Distributions provided for under this Plan warrants that it is the lawful owner of such Claim and is authorized to accept the Distributions provided for in this Plan and that there are no outstanding Liens, encumbrances, commitments, agreements, or understandings, express or implied, that may or can in any way defeat or modify the rights released, conveyed or modified by this Plan, or obligations undertaken by such Creditor under this Plan.

**11.4. Amendments.** This Plan may be altered, amended or modified by the Plan Proponent, in writing and signed by the Plan Proponent, at any time before the substantial consummation of this Plan, as provided in Sections 1101(a) and 1127 of the Bankruptcy Code and Bankruptcy Rule 3019.

**11.5. Revocation.** The Plan Proponent may revoke or withdraw this Plan at any time prior to entry of the Confirmation Order. If this Plan is revoked or withdrawn or if no Confirmation Order is entered, this Plan shall be null and void, and nothing contained in this Plan shall (i) constitute a waiver or release of any Claims by or against, or any Interest in, the Debtor; or (ii) prejudice in any manner the rights of the Plan Proponent or any other party in any further proceedings involving the Debtor or its Estate.

**11.6. Request for Relief Under Section 1129(b).** If this Plan is accepted by one or more, but not all impaired Classes of Creditors, the Plan Proponent may request confirmation under Section 1129(b) of the Bankruptcy Code of any Class of Creditors, subject to any modification of this Plan made pursuant to Section 1127 of the Bankruptcy Code, Bankruptcy Rule 3019.

**11.7. Filing of Additional Documents.** Except as otherwise provided in this Plan, on or before the Effective Date, the Plan Proponent may file with the Court such agreements and other documents as may be necessary or appropriate to effectuate and further evidence the terms and conditions of this Plan.

11.8. **Section Headings.** The section headings contained in this Plan are for reference purposes only and shall not affect in any way the meaning or interpretation of this Plan.

11.9. **Computation of Time.** In computing any period of time prescribed or allowed by this Plan, the provisions of Bankruptcy Rule 9006(a) shall apply.

11.10. **Successors and Assigns.** The rights, benefits and obligations of any entity named or referred to in this Plan shall be binding on, and shall inure to the benefit of, any heir, executor, administrator, successor or assign of such entity.

11.11. **Notices.** All notices and other communications to be given or made hereunder shall be in writing and shall be deemed to have been given or made when mailed or as otherwise set forth herein:

(a)    if to the Debtor, Herrick, Feinstein LLP, 2 Park Avenue, New York, New York 10016, Attn: Robert L. Rattet, Esq.;

(b)    if to the Plan Proponent, Pick & Zabicki LLP, 369 Lexington Avenue, 12th Floor, New York, New York 10017, Attn.: Douglas J. Pick, Esq. and Morrison Tenenbaum, PLLC, 87 Walker Street, Floor 2, New York, New York 10013, Attn: Lawrence F. Morrison, Esq.;

(c)    if to any Creditor or Interest holder at: (i) the addresses set forth on the respective Proofs of Claim or Proofs of Interests Filed by such holders; (ii) the addresses set forth in any written notices of address changes delivered to the Disbursing Agent after the date of any related Proof of Claim; or (iii) the address reflected in the Schedules if no Proof of Claim is filed and the Disbursing Agent has not received a written notice of a change of address;

(d)    if to any Entity that has filed a notice of appearance, at the addresses set forth on such notice of appearance.

11.12. **Governing Law.** Except to the extent that the Bankruptcy Code or Bankruptcy Rules or other Federal law are applicable, the rights and obligations arising under this Plan shall be governed by, and construed and enforced in accordance with the laws of the State of New York, without giving effect to the principles of conflict of laws thereof.

11.13. **Other Actions.** Nothing contained herein shall prevent the Debtor, the Plan Proponent, Interest Holders, or Creditors from taking such actions as may be reasonably necessary to consummate this Plan, although such actions may not specifically be provided for within this Plan.

11.14. **Severability.** In the event any provision of this Plan is determined to be unenforceable such determination shall in no way limit or affect the enforceability and operative effect of any or all other provisions of this Plan.

11.15. **Business Day.** In the event that this Plan requires an act to be performed on a day that is not a Business Day, such act shall be performed on the first Business Day thereafter.

## ARTICLE 12

## RETENTION OF JURISDICTION

12.1. **Retention of Jurisdiction.** Notwithstanding the entry of the Confirmation Order or the occurrence of the Effective Date, until the Case is closed, the Bankruptcy Court shall retain and have original, but not exclusive, jurisdiction to:

    (a)    Insure that this Plan is consummated, and to enter any Order pursuant to Section 1142(b) of the Bankruptcy Code, to compel the Debtor and any other necessary party, to take such action and execute such documents to effectuate this Plan;

    (b)    Consider any modification of this Plan proposed pursuant to Section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019;

    (c)    Allow, disallow, determine, liquidate, classify or establish the priority, secured or unsecured status of any Claim or Interest, including, without limitation, the resolution of any request for payment of any Administrative Expense, the resolution of any and all objections to the allowance or priority of Claims or Interests, and the resolution of any adversary proceeding;

    (d)    Grant or deny any and all applications for allowance of compensation or reimbursement of expenses authorized pursuant to the Bankruptcy Code or this Plan, for any period ending on or before the Effective Date;

    (e)    Resolve any motions pending on the Effective Date to assume, assume and assign or reject any Executory Contract or Unexpired Lease to which the Debtor is a party or with respect to which the Debtor may be liable and to hear, determine and if necessary, liquidate, any and all Claims arising therefrom;

    (f)    Ensure that Distributions to holders of Allowed Claims and Allowed Interests are accomplished pursuant to the provisions of this Plan;

    (g)    Decide or otherwise resolve any and all applications, motions, adversary proceedings, contested or litigated matters, and any other matters or grant or deny any applications involving the Debtor that may be pending on the Effective Date;

    (h)    Enter such Orders as may be necessary or appropriate to implement or consummate the provisions of this Plan and all contracts, instruments, releases and other agreements or documents created in connection with this Plan or Disclosure Statement or to enforce all orders, judgments, injunctions (including, but not limited to any injunction with respect to Guaranty Claims), and rulings entered in connection with the Case, including, but not limited to any Order necessary to enforce the provisions of Article 7 of this Plan;

    (i) Resolve any and all controversies, suits or issues that may arise in connection with the consummation, interpretation or enforcement of this Plan or any Entity's obligations incurred in connection with this Plan;

    (j) Modify this Plan before or after the Effective Date pursuant to Section 1127 of the Bankruptcy Code, or to modify the Disclosure Statement or any contract, instrument, release or other agreement or document created in connection with this Plan or Disclosure Statement with the consent of the Debtor and any other interested party affected by such modification;

    (k) Remedy any defect or omission or reconcile any inconsistency in any Order, this Plan, the Disclosure Statement or any contract, instrument, release or other agreement or document created in connection with this Plan, to the extent authorized herein or in the Bankruptcy Code;

    (l) Issue any injunctions, enter and implement other Orders or take such other actions as may be necessary or appropriate to restrain interference by any Entity with consummation or enforcement of this Plan;

    (m) Enter and implement such Orders as are necessary or appropriate if the Confirmation Order is for any reason modified, stayed, reversed, revoked or vacated;

    (n) Determine any dispute arising under or related to this Plan, including, without limitation, any dispute concerning the scope or effect of any release or discharge provided for by this Plan or the Confirmation Order.

    (o) Determine any other matters that may arise in connection with or relate to this Plan, the Disclosure Statement, the Confirmation Order or any contract, instrument, release or other agreement or document created in connection with this Plan or Disclosure Statement; and

    (p) Enter an Order or Final Decree concluding the Case.

    **12.2. Post-Closing Jurisdiction.** Notwithstanding the entry of a final decree or an Order closing the Case, the Bankruptcy Court shall retain jurisdiction to reopen the Case for the purpose of enforcing, by injunction or otherwise, the terms of this Plan, the Confirmation Order and any final decree, including, without limitation, the enforcement of any rights of the Debtor.

Dated: New York, New York
       June 17, 2015

Respectfully submitted,

By: _____
Margaret Wu, Plan Proponent

READ & APPROVED:

**PICK & ZABICKI LLP**

By: _____
Douglas J. Pick, Esq.
369 Lexington Avenue, 12th Floor
New York, New York 10017
(212) 695-6000

**MORRISON TENENBAUM, PLLC**
87 Walker Street, Floor 2
New York, New York 10013
(212) 620-0938
Lawrence F. Morrison, Esq.

*Co-Counsel to the Plan Proponent*