| | |
|---|---|
| **WAYNE GREENWALD, P.C.** | Hearing Date: September 24, 2015 |
| *Attorneys for Margaret Wu,* | Hearing Time: 10:00 a.m. |
| 475 Park Avenue South - 26th Floor | |
| New York, New York 10016 | |
| 212-983-1922 | |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re                                                                    Case No.: 13-1233 smb

QUEEN ELIZABETH REALTY CORP.,              In Proceedings for
                                                                             Reorganization under
                                      Debtor,                       Chapter 11
-----------------------------------------------------------X

### MARGARET WU'S RESPONSE TO MORRISON TENNENBAUM PLLC'S AND PICK & ZABICKI LLC'S MOTIONS TO BE RELIEVED AS COUNSEL AND OTHER RELIEF WITH POINT'S AND AUTHORITIES

TO    HON. STUART BERNSTEIN
         UNITED STATES BANKRUPTCY JUDGE

Margaret Wu, by her attorneys, Wayne Greenwald P.C., states:

### PRELIMINARY STATEMENT

1. Margaret Wu, hereby responds to the Motion for An Order Granting Morrison Tennenbaum PLLC Leave to Withdraw as Co-Counsel to Margaret Wu and Motion for an Order Granting Pick & Zabicki LLC Leave to Withdraw as Co-Counsel to Margaret Wu (the "Motions").

2. Margaret Wu does not object to Morrison Tennenbaum PLLC and Pick & Zabicki LLC being relieved as her counsel in this case.

3. She objects to the Motions' requests that this Court grant Morrison Tennenbaum PLLC and Pick & Zabicki LLC a charging lien in the total sum of $172,019.09.

4. Morrison Tennenbaum PLLC and Pick & Zabicki LLC should be denied charging liens because:

    a.) the Bankruptcy Court lacks subject matter jurisdiction to issue an order granting a charging lien.

    b.) a charging lien must be sought through an adversary proceeding, See, Fed.R.Bankr P. 7001, not the Motions;

    c.) the Motions lack substantive evidence that Morrison Tennenbaum PLLC and Pick & Zabicki LLC are entitled to any professional fees which could benefit from a charging lien;

    d.) Margaret Wu disputes Morrison Tennenbaum PLLC's and Pick & Zabicki LLC's entitlement to $172,019.09 in attorneys' fees.

These matters are elucidated herein.

## LACK OF SUBJECT MATTER JURISDICTION

5. Congress granted District Courts and Bankruptcy Courts:

    (a) original and exclusive jurisdiction of all cases under title 11.

    (b) original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

See, 28 U.S.C. § 1334(a) and (b).

6. Ms. Wu's dispute with Morrison Tennenbaum PLLC's and Pick & Zabicki

LLC's is not even one among the Debtor's creditors.[1]

7. The court in *In re Parade Place, LLC,* 508 B.R. 863, 872 (Bankr. S.D.N.Y. 2014) found it lacked subject matter jurisdiction under, 28 U.S.C. § 1334, to hear a monetary dispute between two non-debtors which lacked any conceivable effect on that debtor's estate. *Citing, In re Quigley Co., Inc.,* 676 F.3d 45, 53 (2d Cir.2012) ("Bankruptcy jurisdiction is appropriate over third-party non-debtor claims that directly affect the res of the bankruptcy estate."); *Publicker Indus. Inc. v. United States (In re Cuyahoga Equip. Corp.),* 980 F.2d 110, 114 (2d Cir.1992) ("The test for determining whether litigation has a significant connection with a pending bankruptcy [sufficient to confer bankruptcy jurisdiction] is whether its outcome might have any conceivable effect on the bankrupt estate."

8. Morrison Tennenbaum PLLC, Pick & Zabicki LLC and Ms. Wu are non-debtors in this case.

9. The outcome of Morrison Tennenbaum PLLC's and Pick & Zabicki LLC's dispute with Ms. Wu will not affect this Debtor's estate.

10. This Court lacks jurisdiction over Morrison Tennenbaum PLLC's and Pick & Zabicki LLC's dispute with Ms. Wu.

11. So, it cannot grant a charging lien.

---

[1] Upon information and belief, this Court previously opined that Margaret Wu was not a party-in-interest in this case. Ms. Wu's creditors would be even further removed from this case.

## AN ADVERSARY PROCEEDING IS REQUIRED

12. The Motions seek a charging lien totaling $172,019.09.

13. That result requires this Court determining that Morrison Tennenbaum PLLC and Pick & Zabicki LLC are entitled to: a.) fees from Ms. Wu; and b.) a lien in their favor for a dollar amount.

14. Fed.R.Bankr.P. 7001 provides for adversary proceedings:

    (1) to recover money or property, other than a proceeding to compel the debtor to deliver property to the trustee, or a proceeding under § 554(b) or § 725 of the Code, Rule 2017, or Rule 6002; Rule 4003(d);

    (2) to determine the validity, priority, or extent of a lien or other interest in property, other than a proceeding under Rule 4003(d);

    (3) a proceeding to obtain a declaratory judgment

    Fed.R.Bankr.P. 7001(1)(2)and(9)

15. The charging liens sought by the Motions can be obtained through an adversary proceeding only.

16. The Motions' requests for charging liens must be denied.

## THE MOTIONS' LACK OF SUBSTANTIVE EVIDENCE

17. The starting point for an award of attorneys' fees is a calculation of the time an attorney expended on a case, multiplied by an hourly rate which is determined by the ""amount to which attorneys of like skill in the area would

- 4 -

typically be entitled for a given type of work on the basis of an hourly rate of compensation."" *CFTC v. SIRRAS*, 1984 U.S. Dist. LEXIS 17170, *3 (S.D.N.Y), *Swift v. Blum*, 502 F. Supp. 1140, 1146 (S.D.N.Y. 1980), citing *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 470-71 (2d Cir. 1974).

18. The Motions lack time records and retainer agreements.

19. The Motions deny the Court the means to consider the amount of time spent by Morrison Tennenbaum PLLC and Pick & Zabicki LLC., for Ms. Wu.

20. The Motions deny the Court knowledge of the hourly rate applied by Morrison Tennenbaum PLLC and Pick & Zabicki LLC., for Ms. Wu's work.

21. The Motions deprive the Court of the basic essentials for considering the relief sought.

22. Granting a charging lien for the amount sought requires unbridled speculation.

23. Therefore, Morrison Tennenbaum PLLC and Pick & Zabicki LLC., should be denied charging liens.

### MORRISON TENNENBAUM PLLC AND PICK & ZABICKI LLC AREN'T ENTITLED TO A $172,019.09 CHARGING LIEN

24. Margaret Wu disputes Morrison Tennenbaum PLLC's and Pick & Zabicki LLC's entitlement to the fees sought.

25. First, there's no evidence supporting the fees sought.

26. Second, were those fees "reasonable and necessary?"

27. This Court previously opined that Ms. Wu lacked standing in this case.

28. How reasonable and necessary are $172,019.09 in attorneys' fees for a person lacking standing to be heard?

29. Finally, what benefit was there to Ms. Wu?

30. So far, apparently none.

31. There is no jurisdictional, procedural, evidentiary or practical basis for this Court granting Morrison Tennenbaum PLLC and Pick & Zabicki LLC the charging liens they seek.

32. That aspect of the Motion should be denied.

WHEREFORE, Margaret Wu, asks that this Court enter orders: a.) relieving Morrison Tennenbaum PLLC and Pick & Zabicki LLC, as her counsel in this case; b.) denying Morrison Tennenbaum PLLC and Pick & Zabicki LLC, a charging lien for any amount of money; and c.) granting such other and further relief as this Court deems proper.

Dated: New York, New York
September 17, 2015

WAYNE GREENWALD, P.C.
*Attorneys for Margaret Wu*
475 Park Avenue South - 26th Floor
New York, New York 10016
212-983-1922

By: /s/ Wayne M. Greenwald Pres
Wayne M. Greenwald