**HERRICK, FEINSTEIN LLP**
2 Park Avenue
New York, New York 10016
Robert L. Rattet, Esq.
(212) 592-1400
(212) 592-1500 Facsimile
rrattet@herrick.com
*Counsel for Debtor and Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

In re:

| | |
|---|---|
| QUEEN ELIZABETH REALTY CORP., | Chapter 11 |
| | Case No. 13-12335 (SMB) |
| Debtor. | |

---------------------------------------------------------------X

### DEBTOR'S MOTION *IN LIMINE* TO
### EXCLUDE TESTIMONY AND EVIDENCE RELATING TO
### PHILLIP WU'S PURPORTED 100% OWNERSHIP OF THE DEBTOR

Queen Elizabeth Realty Corp. (the "Debtor"), by its counsel, Herrick, Feinstein LLP, submits this motion *in limine* (the "Motion"), pursuant to the Federal Rules of Bankruptcy Procedure 7026 and 7037, to exclude testimony and evidence relating to Phillip Wu's purported 100% ownership of the Debtor at the December 17, 2015 hearing (the "Hearing") on confirmation of the Debtor's Modified Third Amended Chapter 11 Plan of Reorganization (the "Plan"). In support of the Motion the Debtor respectfully represents as follows:

### BACKGROUND

1.  On July 17, 2013 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of Bankruptcy Code in this Court.

2.  The Debtor was formed in 1994 and owns a commercial condominium unit consisting of the ground and basement floors of the Royal Elizabeth Condominium located at

1

157 Hester Street a/k/a 68-82 Elizabeth Street, New York, New York (the "Property"). The Debtor is owned in equal thirds by Phillip Wu, Jeffrey Wu and Lewis Wu.

3. On October 21, 2015, the Debtor filed its Third Amended Chapter 11 Plan of Reorganization, and a hearing on confirmation of that plan was scheduled for December 3, 2015. At the December 3rd hearing, Phillip Wu contended for the first time in this chapter 11 case that he owned 100% of the equity interests in the Debtor. At that hearing, through his counsel, an instrument was produced to the Court, and admitted as Exhibit A (the "2003 Instrument") that purported to show that Phillip Wu held such 100% ownership in the Debtor.[1] That position was a surprise to the Debtor because Phillip Wu has previously acknowledged that he was a one-third shareholder of the Debtor. He took that position in a Mediation Statement filed on his behalf in a mediation session directed by this Court. Moreover, the Debtor reviewed the documents in Phillip's individual chapter 13 case that he had filed in August 2013 in the United States Bankruptcy Court for the Eastern District of Pennsylvania, then pending under case number 13-16873. In that case, Phillip filed, *under penalty of perjury*, his Schedules of Assets and Liabilities and Statement of Financial Affairs in which he disclosed his ownership of a one-third equity interest in the Debtor. That disclosure is made in Phillip's Schedule B, Schedule C and Statement of Financial Affair Question 6.

4. After the December 3rd hearing, the Debtor took steps to investigate Phillip Wu's claim, and learned that the 2003 Instrument was incomplete; there is a two-page addendum from 2007 that required Phillip Wu to make certain payments as a condition to receiving the shares of the Debtor. The Debtor has included those additional pages as part of the supplemental declaration of Jeffrey Wu filed in support of the Plan. As Mr. Wu's declaration states, even if

---

1 As the Debtor has advised this Court, the 2003 Instrument was never signed by Jeffrey Wu or one of his sisters, and thus could not be binding on such parties.

2

the 2003 Instrument were valid and binding (which it is not), Phillip Wu never made any of the payments contemplated by the addendum pages to the 2003 Instrument. Thus, even if Phillip Wu had ever had an entitlement to 100% of the equity interests in the Debtor, that right lapsed as a consequence of his own failure to satisfy the conditions to acquiring such interests.

5. Given the disputed nature of Phillip's claim and the unorthodox manner in which it was asserted, the Debtor began its efforts to take the deposition of Phillip Wu regarding the narrow issue of his objection to confirmation of the Plan and his alleged 100% ownership interest in the Debtor. To that end, on December 9, 2015, Debtor's counsel contacted Phillip Wu's counsel and asked whether such counsel would consent to accept service of a deposition notice on Phillip Wu's behalf. Phillip's counsel advised Debtor's counsel that Phillip would not appear for a deposition on the scheduled December 14th date, and Debtor's counsel offered to conduct the deposition at a later mutually agreeable date. Phillip's counsel did not respond to this offer. When Phillip Wu's counsel further advised the Debtor on December 10 that it would not accept service for Phillip Wu, the Debtor had Phillip Wu served personally in the Philadelphia area, where he resides, for a scheduled deposition on December 14. In response, Phillip Wu's counsel filed a motion to quash that deposition on December 11, 2015. Incredibly, in that motion to quash, ***counsel reiterated that Phillip Wu was a one-third shareholder in the Debtor.*** *See* Application In Support of an Order Quashing a Subpoena [Docket No. 290] at ¶ 2 ("The Debtor's ownership consists of Phillip Wu, Jeffrey Wu and Lewis Wu, who each holds a 1/3 interest of the Debtor's capital stock.").

## ARGUMENT

6. Federal Rule of Civil Procedure 37(d)(1)(A)(i) provides that the Court "may, on motion, order sanctions if … a party … fails, after being served with proper notice, to appear for that person's deposition." FED. R. CIV. P. 37(d)(1)(A)(i). Further, Federal Rule of Evidence 403

3

provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." FED. R. EVID. 403.

7. Here, Phillip Wu's refusal to appear at a deposition to answer narrowly-tailored questions regarding his purported 100% ownership of the Debtor warrants the exclusion of his testimony on this issue and the striking of the 2003 Instrument. For two and half years Phillip has held himself out to be a one-third owner of the Debtor, even declaring under penalty of perjury this fact in his chapter 13 schedules. His unexpected reversal from this position was made at the confirmation trial. Phillip put this dispute at issue, and seeks to prejudice the Debtor by refusing to appear for a deposition on this very issue. This is trial by ambush.

8. This Court cannot and should not tolerate these wholly inappropriate litigation tactics, which have no purpose other than delaying confirmation of the Plan in a transparent effort to extract additional payments from the Debtor. Having contradicted his prior position and asserted 100% ownership of the Debtor through an incomplete and misleading document tendered to this Court, Phillip Wu cannot evade scrutiny of his contested claims by refusing to testify at a deposition. On these facts, the Debtor is amply justified in asking that this Court bar him from presenting evidence of his purported 100% ownership interest in the Debtor. Further, this Court should strike the false, misleading and incomplete Exhibit A previously admitted into evidence on Phillip Wu's behalf at the December 3 hearing.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order (i) excluding testimony and evidence relating to Phillip Wu's purported 100% ownership of the Debtor at the Hearing, and (ii) striking the 2003 Instrument previously admitted into evidence as Exhibit A on Phillip Wu's behalf at the December 3, 2015 hearing, and grant the Debtor such other and further relief as is just and proper.

4

Dated: New York, New York
December 15, 2015

        HERRICK, FEINSTEIN LLP
        *Attorneys for the Debtor and Debtor in Possession*

        By: /s/ *Robert Rattet*
            Robert L. Rattet
        2 Park Avenue
        New York, New York 10016
        (212) 592-1400
        (212) 592-1500 (fax)
        rrattet@herrick.com