UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

In re:

QUEEN ELIZABETH REALTY CORP.,                    Chapter 11
                                                 Case No. 13-12335 (SMB)
                       Debtor.

---------------------------------------------------------------X

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER
## CONFIRMING THE DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION

Queen Elizabeth Realty Corp. (the "**Debtor**," or, on and after the Effective Date, the "**Reorganized Debtor**"), in the above-captioned chapter 11 case (the "**Chapter 11 Case**"), having filed the Modified Fourth Amended Chapter 11 Plan of Reorganization dated January 13, 2016 (as the same may be modified, amended and/or supplemented, the "**Plan**")[1] [Docket No. 313], attached hereto as Exhibit A, and the Disclosure Statement with respect to the Plan (as the same may be modified, amended and/or supplemented, the "**Disclosure Statement**"); and the Court having entered the order (the "**Disclosure Statement Order**") [Docket No. 309], *inter alia*, (i) conditionally approving the Disclosure Statement, (ii) scheduling a hearing to consider confirmation of the Plan, (iii) establishing deadlines and procedures for filing objections to confirmation of the Plan, and (iv) requiring the solicitation of the Plan solely as to Shanghai Commercial Bank ("**SCB**"); and the Court having scheduled a hearing on confirmation of the Plan for January 14, 2016 ( the "**Confirmation Hearing**"); and the Court having considered (i) the Plan, (ii) the Disclosure Statement, (iii) the affidavit of service filed in respect of the Disclosure Statement Order [Docket No. 312], (iv) the Certification of Ballots (the "**Voting**

---

[1] Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed to them in the Plan. Any capitalized term used in the Plan or in this Confirmation Order that is not defined in the Plan or in this Confirmation Order, but that is used in title 11 of the United States Code (the "**Bankruptcy Code**"), or in the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), shall have the meaning ascribed to that term in the Bankruptcy Code or the Bankruptcy Rules, as the case may be.

HF 10249887v.7

**Report**") [Docket No. 314], and (v) the Supplemental Declaration of Jeffrey Wu In Support of Confirmation of Debtor's Modified Fourth Amended Chapter 11 Plan of Reorganization (the "**Jeffrey Wu Declaration**") [Docket No. 315]; and it appearing to the Court that notice of the Confirmation Hearing and the opportunity for any party in interest to object to confirmation of the Plan have been adequate and appropriate; and upon the Court's review of the Voting Report; and upon all of the evidence proffered or adduced including the Jeffrey Wu Declaration, and the entire record of the Chapter 11 Case; and after due deliberation thereon and good cause appearing therefor, the Court hereby FINDS, CONCLUDES, AND ORDERS as follows:[2]

## FINDINGS OF FACT

A.  On July 17, 2013, the Debtor commenced the Chapter 11 Case. Pursuant to the Disclosure Statement Order, the Court conditionally approved the Disclosure Statement and held the Confirmation Hearing on January 14, 2016.

B.  Judicial Notice. This Court takes judicial notice of the docket of the Chapter 11 Case maintained by the Clerk of the Court and/or its duly-appointed agent, including, without limitation, all pleadings and other documents filed, all orders entered. ~~and all evidence and arguments made, proffered or adduced at, the hearings held before the Court during the pendency of the Chapter 11 Case.~~**[SMB: 1/26/16]**

C.  Solicitation and Notice. As evidenced by the relevant affidavit of service on file in this case, the Debtor caused the timely mailing to all known creditors and equity security holders of the Debtor of an information and solicitation package (the "**Solicitation Package**")

---

[2] This Order constitutes this Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure made applicable herein by Bankruptcy Rules 7052 and 9014. Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

2

consisting of (i) the Disclosure Statement, (ii) the Plan (furnished in the Solicitation Package as an exhibit to the Disclosure Statement), and (iii) the Disclosure Statement Order.

   D. <u>Plan Compliance with the Applicable Provisions of the Bankruptcy Code (11 U.S.C. § 1129(a)(1))</u>. As set forth below, the Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

    (i) <u>Proper Classification of Claims and Interests (11 U.S.C. §§ 1122, 1123(a)(1))</u>. The Plan designates four Classes of Claims and Equity Interests. The Claims or Equity Interests placed in each Class are substantially similar to other Claims or Equity Interests, as the case may be, in such Class. Valid business, factual and legal reasons exist for separately classifying the various Classes of Claims and Equity Interests created under the Plan, the classifications are not done for any improper purpose, and such classification does not unfairly discriminate among holders of Claims or Equity Interests. Accordingly, the Plan satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

    (ii) <u>Specification of Unimpaired Classes (11 U.S.C. § 1123(a)(2))</u>. The Plan specifies that Classes 1, 3 and 4 under the Plan unimpaired and that Class 2 under the Plan is impaired, thereby satisfying section 1123(a)(2) of the Bankruptcy Code.

    (iii) <u>Specification of Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3))</u>. Article III of the Plan designates Class 2 as impaired and specifies the treatment of the Claims in that Class, thereby satisfying section 1123(a)(3) of the Bankruptcy Code.

    (iv) <u>Equal Treatment Within Classes (11 U.S.C. § 1123(a)(4))</u>. The Plan provides for the same treatment by the Debtor for each Claim or Equity Interest in a particular Class unless the holder of a particular Claim or Equity Interest in such Class has agreed to a less

3

favorable treatment of its Claim or Equity Interest, thereby satisfying section 1123(a)(4) of the Bankruptcy Code.

(v)     Implementation of Plan (11 U.S.C. § 1123(a)(5)).  The Plan provides adequate and proper means for its implementation, including the payment from the Plan Funding of all allowed administrative expenses, priority tax claims, professional fees, and general unsecured claims in full, and payment of the SCB assignment fee and the Allowed SCB Claim, less late charges and default interest under the SCB Loan Documents.

(vi)     Issuance of Equity Securities; Certificate of Incorporation (11 U.S.C. §§ 1123(a)(5)(J) and (a)(6)).  The Plan provides that all existing Equity Interests of the Debtor will be cancelled under the Plan and new Equity Interests will be issued in the amount of one-third to Jeffrey Wu, one-third to Lewis Wu, and one-third to the Receiver in respect of the Equity Interests owned by Phillip Wu.  The certificate of incorporation of the Debtor will be amended post-confirmation to prohibit the issuance of nonvoting equity securities.

(vii)    Selection of Officers and Directors (11 U.S.C. § 1123(a)(7)).  The selection of Jeffrey Wu as President of the Reorganized Debtor and Lewis Wu as vice-president, secretary and treasurer of the Reorganized Debtor is consistent with the interests of creditors and equity security holders and public policy.

(viii)   Discretionary Contents of the Plan (11 U.S.C. § 1123(b)).  The Plan contains various provisions that may be construed as discretionary, but are not required for confirmation under the Bankruptcy Code.  These Plan provisions are appropriate, in the best interests of the Debtor and its estate, and consistent with the applicable provisions of the Bankruptcy Code, including, without limitation, provisions for (a) the assumption or rejection of

4

executory contracts and unexpired leases; and (b) releases and exculpation of various persons and entities. Accordingly, section 1123(b) of the Bankruptcy Code is satisfied.

    (ix) <u>Rule 3016(a) of the Bankruptcy Rules</u>. The Plan is dated and identifies the entity submitting it, thereby satisfying Rule 3016(a) of the Bankruptcy Rules.

  E. <u>The Debtor's Compliance with the Applicable Provisions of the Bankruptcy Code (11 U.S.C. § 1129(a)(2))</u>. The Debtor has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(2) of the Bankruptcy Code. Specifically:

    (i) the Debtor is a proper debtor under section 109 of the Bankruptcy Code and the Debtor is a proper proponent of the Plan under section 1121(a) of the Bankruptcy Code;

    (ii) the Debtor has complied with applicable provisions of the Bankruptcy Code; and

    (iii) the Debtor has complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Disclosure Statement Order in transmitting the Solicitation Package and in soliciting and tabulating votes on the Plan.

  F. <u>Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3))</u>. The Debtor has proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code. The Chapter 11 Case was filed with the purpose of staying the actions by the Receiver against the Debtor and the Property and to allow the Debtor to reorganize. The Plan was the result of extensive arms'-length negotiations and mediation, and reflects numerous modifications as a result of those negotiations.

  G. <u>Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4))</u>. Any payment made or to be made by the Debtor for services or for costs and expenses in or in connection with the Chapter 11 Case, or in connection with the Plan and incident to the Chapter

11 Case, has been approved by, or is subject to the approval of, the Court as reasonable, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.

  H. <u>Management of Reorganized Debtor (11 U.S.C. § 1129(a)(5))</u>.  The Reorganized Debtor will be managed by its board of directors, which will consist of Jeffrey Wu and Lewis Wu.  Jeffrey Wu will serve as the President of the Reorganized Debtor and Lewis Wu will serve as vice-president, secretary and treasurer.  Neither Jeffrey Wu nor Lewis Wu will receive a salary from the Reorganized Debtor, but as the shareholders of the Debtor, they may receive dividends or other distributions from time to time from the Reorganized Debtor, subject to any limitations on such distributions contained in the Plan Funding loan agreement.  Thus, section 1129(a)(5) of the Bankruptcy Code is satisfied.

  I. <u>No Rate Changes (11 U.S.C. § 1129(a)(6))</u>.  There are no rates applicable to the Debtor's business or otherwise over which any regulatory commission or other governmental authority has, or will have, jurisdiction after confirmation of the Plan, whose approval of such rates is required under section 1129(a)(6) of the Bankruptcy Code.  Thus, section 1129(a)(6) of the Bankruptcy Code is not applicable in the Chapter 11 Case.

  J. <u>Best Interests of Creditors Test (11 U.S.C. § 1129(a)(7))</u>.  The Plan provides that each holder of a claim or interest in an impaired class shall have either accepted the Plan or will receive or retain under the Plan on account of such claim or interest property of a value, as of the Effective Date of the Plan, that is not less than the amount that such holder would so receive or retain if the Debtor were liquidated under chapter 7 of the Bankruptcy Code on such date.  The Liquidation Analysis contained in the Disclosure Statement reflects that each holder of a claim or interest in an impaired class will receive a distribution on account of such claim or interest that is

6

not less than such holder would receive or retain if the Debtor was liquidated in a chapter 7 bankruptcy case. Thus, the Plan satisfies section 1129(a)(7) of the Bankruptcy Code.

K. <u>Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8))</u>. The Debtor has re-solicited acceptance of the Plan from Class 2 (SCB Secured Claim), and SCB has voted to accept the Plan. Class 1 (Other Priority Claims), Class 3 (General Unsecured Claims), and Class 4 (Equity Interests) are unimpaired under the Plan and deemed to accept the Plan.

L. <u>Treatment of Administrative Expense and Priority Claims (11 U.S.C. § 1129(a)(9))</u>. Section 3.1 of the Plan provides that, except to the extent the holder of an Allowed Administrative Claim agrees otherwise, each holder of an Allowed Administrative Claim shall be paid in respect of such Allowed Administrative Claim (a) the full amount thereof in Cash, as soon as practicable after the later of (i) the Effective Date and (ii) the date on which such Claim becomes and Allowed Administrative Claim, or upon such other terms as may be agreed upon by the holder of such Allowed Administrative Claim, or (b) such lesser amount as the holder of such Allowed Administrative Claim and the Debtor might otherwise agree; provided, however, that all Administrative Claims incurred in the ordinary course of the Debtor's business during the Chapter 11 Case shall be paid in the ordinary course of the Debtor's business. Notwithstanding the foregoing, the Statutory Fees shall be paid in Cash as soon as practicable after the Effective Date. Section 3.2 of the Plan provides that each holder of an Allowed Priority Tax Claim shall be paid in respect of such Allowed Claim (a) the full amount thereof, without postpetition interest or penalty, in Cash, as soon as practicable after the later of (i) the Effective Date and (ii) the date on which such Claim becomes an Allowed Priority Tax Claim; or (b) upon such other terms as may be agreed upon by the holder of such Allowed Claim and the Debtor.

7

M.    Acceptance of at Least One Impaired Class of Claims (11 U.S.C. § 1129(a)(10)). Class 2, which consists of a single member (SCB), which is not an insider of the Debtor, is impaired and SCB has voted to accept the Plan. Thus, the Plan satisfies section 1129(a)(10) of the Bankruptcy Code.

N.    Feasibility (11 U.S.C. § 1129(a)(11)). The Plan Funding will provide the Debtor sufficient cash with which to make all of the payments required to be made on the Effective Date. The Debtor will be able to make all of the payments required pursuant to the Plan, and the Debtor's entry into a triple-net lease with its existing tenant, Hong Kong Supermarket of Hester Corp. ("**HKS**") will provide sufficient cash flow to allow the Debtor to make the post-confirmation operating expenses set forth in the Debtor's projections attached to the Disclosure Statement. The combination of remaining cash from the proceeds of the Plan Funding, together with projected cash flow from operations for the years 2016 through 2018, as set forth in the Projections, demonstrate that the Plan is feasible, and that the Debtor is not likely to be followed by a liquidation, or the need for further financial reorganization within the meaning of section 1129(a)(11) of the Bankruptcy Code. Thus, the Plan satisfies section 1129(a)(11) of the Bankruptcy Code.

O.    Payment of Certain Fees (11 U.S.C. § 1129(a)(12)). All fees payable on or before the Effective Date under 28 U.S.C. § 1930 either have been paid or will be paid on the Effective Date pursuant to Section 11.5 of the Plan. Thus, the Plan satisfies section 1129(a)(12) of the Bankruptcy Code.

P.    Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13)). The Debtor does not currently have any liability to pay "retiree benefits" as that term is defined under section 1114(a)

8

of the Bankruptcy Code.  Accordingly, section 1129(a)(13) of the Bankruptcy Code is not applicable.

      Q.      <u>No Other Plan (11 U.S.C. § 1129(c))</u>.  No other pending plan of reorganization has been filed with respect to the Debtor.

      R.      <u>No Avoidance of Taxes or Avoidance of Application of Securities Act (11 U.S.C. § 1129(d))</u>.  The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933.

      S.      <u>Good Faith Solicitation (11 U.S.C. § 1125(e))</u>.  Based upon the record before the Court, the Debtor solicited votes on the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code and the Debtor, along with all entities who assisted the solicitation, are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code and the exculpatory and injunctive provisions set forth in the Plan.

      T.      <u>Implementation of the Plan</u>.  All documents necessary to implement the Plan, shall, upon execution, be valid, binding and enforceable agreements in accordance with their terms, and not be in conflict with any federal or state law.

      U.      <u>Plan Transfers</u>.  The making and delivery of documents and any related instruments contemplated under the Plan to implement any transfers of the Debtor's properties constitute "the making or delivery of an instrument of transfer under a plan confirmed under section 1129" within the meaning of section 1146(a) of the Bankruptcy Code.  Therefore, all transfers of real or personal property by the Debtor under the Plan may not be taxed under any law imposing a stamp or similar tax.

      V.      <u>Retention of Jurisdiction</u>.  The Court shall retain jurisdiction over the matters set forth in Article X of the Plan and as may be provided elsewhere in this Order.

W.    Factual Findings.  All facts necessary to support confirmation of the Plan have been demonstrated on the record of the Chapter 11 Case and the submissions made in support of confirmation.

**CONCLUSIONS OF LAW**

1.    Exclusive Jurisdiction; Venue, Core Proceeding (28 U.S.C. §§ 157, 1334(a) and 1408).  This Court has jurisdiction over the Chapter 11 Case pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper before the Court pursuant to 28 U.S.C. § 1408.  Confirmation of the Plan is a core matter under 28 U.S.C. § 157(b)(2), and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed, and to enter a final order with respect to such matters.

2.    Transmittal and Mailing of Materials, Notice.  The Solicitation Package was transmitted and served in compliance with the Disclosure Statement Order and the Bankruptcy Rules, and such transmittal and service were adequate and sufficient.  Adequate and sufficient notice of the Confirmation Hearing and the other dates described in the Disclosure Statement Order was given in compliance with the Disclosure Statement Order, and no other or further notice is or shall be required.

3.    Satisfaction of Confirmation Requirements.  As set forth above, the Plan satisfies the relevant provisions of sections 1122, 1123 and 1129 of the Bankruptcy Code.

4.    Confirmation.  The Plan **is** ~~should be~~ confirmed.  The exhibits and attachments to the Plan are incorporated by reference into and are an integral part of the Plan.**[SMB: 1/26/16]**

## **ORDER**

NOW THEREFORE, BASED UPON ALL OF THE FOREGOING, IT IS HEREBY ORDERED:

1. <u>Incorporation</u>. To the extent applicable, based on the context, the foregoing Findings of Fact and Conclusions of Law are incorporated by reference as decretal paragraphs of this Order.

**1. A. The Disclosure Statement is approved on a formal basis. [SMB: 1/26/16]**

2. <u>Confirmation</u>. The Plan is hereby approved and confirmed under section 1129 of the Bankruptcy Code. All objections to the Plan **or Disclosure Statement** not heretofore withdrawn or resolved as set forth on the record at the Confirmation Hearing are overruled in their entirety. The terms of the Plan are mandated as if set forth in full herein.**[SMB: 1/26/16]**

3. <u>Provisions of Plan and Order Nonseverable and Mutually Dependent</u>. The provisions of the Plan and this Confirmation Order are non-severable and mutually dependent.

4. <u>Implementation</u>. The Debtor and all other relevant parties are hereby authorized, directed and empowered to take such actions as may be necessary to effectuate the Plan.

5. <u>Binding Effect</u>. Pursuant to section 1141 of the Bankruptcy Code, effective as of the date of the entry of this Order, except as expressly provided in this Order, the provisions of the Plan and this Order shall be binding on (i) the Debtor; (ii) the Reorganized Debtor; (iii) the Receiver; (iii) SCB; (iv) Margaret Wu; and (v) all holders of Claims against and Equity Interests in the Debtor, whether or not impaired under the Plan and whether or not, if impaired, such holders accepted or are receiving distributions under the Plan.

6. <u>Releases</u>. **Except to the extent otherwise agreed to by separate agreement, pursuant to Section 6.1 of the Plan, and except for such liabilities and obligations otherwise**

assumed or provided hereunder, for good and valuable consideration provided by Jeffrey Wu, Lewis Wu, Margaret Wu, the Receiver, and SCB (the "Released Parties"), and effective as of the Confirmation Date, the Released Parties are deemed released and discharged by the Debtor and its Estate from any and all direct, indirect or derivative claims, obligations, rights, suits, judgments, indemnification, and all other claims, causes of action, controversies of every type, kind, nature, description or character whatsoever, including any derivative claims asserted on behalf of the Estate, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, contingent or fixed, currently existing or hereafter arising, in law, at equity, whether for tort, fraud, contract or otherwise, that the Debtor would have been legally entitled to assert, including, but not limited to, any claim or cause of action arising from or relating to the Debtor, the Chapter 11 Case, the Plan, the subject matter of, or the transactions or events giving rise to, any Claim or Equity Interest of the Released Parties that is treated in the Plan, the business or contractual arrangements between the Debtor, on the one hand, and any Released Party, on the other hand, the negotiation, formulation, or preparation of the Plan and the Disclosure Statement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place, in each case to the extent incurred on or prior to the Confirmation Date; provided, however, that nothing in this section or in the Plan shall be deemed to release any Released Party from liability for acts or omissions that are the result of breach of fiduciary duty, if any, actual fraud, gross negligence, willful misconduct, ultra vires acts, criminal conduct, disclosure of confidential information that causes damages, or willful violation of the securities laws or the Internal Revenue Code, or, in the case of an

**attorney professional and as required under Rule 1.8(h)(1) of the New York State Rules of Professional Conduct, malpractice.**

7.  <u>Term of Bankruptcy Injunction or Stays</u>.  Unless otherwise provided herein, all injunctions or stays provided for in the Chapter 11 Case pursuant to sections 105, 362 or 525 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the Effective Date.  The Plan and this Order will permanently enjoin the commencement or prosecution by any entity, whether directly, derivatively or otherwise, of any Claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action or liabilities released or enjoined pursuant to the Plan.

8.  <u>Discharge</u>.  Pursuant to section 1141(d)(1) of the Bankruptcy Code, confirmation of the Plan pursuant to this Order shall, except as otherwise expressly provided in the Plan or this Order, as of the Effective Date: (i) discharge the Debtor, the Reorganized Debtor and any of its assets from all Claims, demands, liabilities and other debts that arose on or before the Effective Date, including, without limitation, all debts of the kind specified in section 502 of the Bankruptcy Code, whether or not (A) a proof of claim based on such debt is filed or deemed filed pursuant to section 501 of the Bankruptcy Code, (B) a Claim based on such debt is Allowed pursuant to section 502 of the Bankruptcy Code, (C) a Claim based on such debt is or has been disallowed by order of the Bankruptcy Court, or (D) the holder of a Claim based on such debt has accepted the Plan; and (ii) preclude all Entities from asserting against the Debtor, the Reorganized Debtor or any of its assets any other or further Claims based upon any act or omission, transaction or other activity of any kind or nature that occurred prior to the Effective Date, all pursuant to sections 524 and 1141 of the Bankruptcy Code.

13

9. <u>General Authorizations</u>.  Pursuant to section 1142(b) of the Bankruptcy Code, the Debtor and the Reorganized Debtor are authorized, empowered and directed to (a) execute and deliver any instrument, agreement or document and (b) perform any act that is necessary, desirable, or required to comply with the terms and conditions of the Plan and consummation of the Plan, and are authorized, empowered and directed, without limitation, to take all actions necessary or appropriate to enter into, implement, and consummate the contracts, instruments, and other agreements or documents created in connection with the Plan.

10. <u>Exemption From Certain Transfer Taxes</u>.  Pursuant to section 1146(a) of the Bankruptcy Code, the issuance, transfer, or exchange of a security, or the making or delivery of an instrument of transfer under the Plan may not be taxed under any law imposing a stamp or similar tax.

11. <u>Administrative Claims Bar Date</u>.  Notwithstanding anything to the contrary in the Plan, to the extent not previously paid, all requests for payment of Administrative Claims (other than with respect to Professional Fee Claims) are to be filed no later than thirty (30) days following the entry of this Order.

12. <u>Professional Fees Bar Date</u>.  Notwithstanding anything to the contrary in the Plan, all Professional Fee Applications for Professional Fees through the Effective Date, for Allowance on a final basis, shall be filed on or before **February 9, 2016**.**[SMB: 1/26/16]**

13. <u>Retention of Jurisdiction</u>.  Following the Confirmation Date and until such time as all payments and distributions required to be made and all other obligations required to be performed under the Plan have been made and performed by the Debtor or the Disbursing Agent, as the case may be, the **Bankruptcy** Court shall retain jurisdiction as is legally permissible, including, without limitation, for the following purposes: **[SMB: 1/26/16]**

14

(a) <u>Claims</u>.  To determine the allowance, extent, classification, or priority of Claims against the Debtor upon objection by the Debtor.

(b) <u>Injunction</u>.  To issue injunctions or take such other actions or make such other orders as may be necessary or appropriate to restrain interference with the Plan or its execution or implementation by any Person, to construe and to take any other action to enforce and execute the Plan, the Confirmation Order, or any other order of the Bankruptcy Court, to issue such orders as may be necessary for the implementation, executions, performance and consummation of the Plan and all matters referred to herein, and to determine all matters that may be pending before the Bankruptcy Court in the Chapter 11 Case on or before the Effective Date with respect to any Person or Entity.

(c) <u>Professional Fees</u>.  To determine any and all applications for allowance of compensation and expense reimbursement of Professional for periods before the Effective Date, and objections thereto, as provided for the in the Plan.

(d) <u>Certain Priority Claims</u>.  To determine the allowance, extent and classification of any Priority Tax Claims, Other Priority Claims, Administrative Claims or any request for payment of an Administrative Claim.

(e) <u>Dispute Resolution</u>.  To resolve any dispute arising under or related to the implementation, execution, consummation or interpretation of the Plan and/or Confirmation Order and the making of Distributions under the Plan and/or the Confirmation Order.

(f) <u>Actions</u>.  To determine all applications, motions, adversary proceedings, contested matters, actions, and any other litigated matters instituted (either before or after the Effective Date) in the Chapter 11 Case by or on behalf of the Debtor.

(g) <u>General Matters</u>. To determine such other matters, and for such other purposes, as may be provided in the Confirmation Order or as may be authorized under provisions of the Bankruptcy Code or other applicable law.

(h) <u>Plan Modification</u>.  To modify the Plan under section 1127 of the Bankruptcy Code, remedy any defect, cure any omission, or reconcile any inconsistency in the Plan or the Confirmation Order so as to carry out its intent and purposes.

(i) <u>Aid Consummation</u>.  To issue such orders in aid of consummation of the Plan and the Confirmation Order notwithstanding any otherwise applicable non-bankruptcy law, with respect to any Person or Entity, to the full extent authorized by the Bankruptcy Code.

15

   (j) <u>Implementation of Confirmation Order</u>.  To enter and implement such orders as may be appropriate in the event the Confirmation Order is for any reason stayed, revoked, modified or vacated.

   (k) <u>Final Order</u>.  To enter a final order closing the Chapter 11 Case.

 14. <u>Notice of Entry of Confirmation Order</u>.  On or before the tenth (10th) business day following the date of entry of this Order, the Reorganized Debtor shall cause to be served notice of entry of this Order pursuant to Rules 2002(f)(7), 2002(k) and 3020(c) of the Bankruptcy Rules on all creditors, equity security holders, the United States Trustee and other parties in interest, by causing a notice of entry of this Order to be delivered to such parties by first class mail, postage prepaid.

 15. <u>Confirmation Order Controlling</u>.  If there is any conflict or inconsistency between the Plan and this Order, the terms of this Order shall control.

 16. <u>Reversal</u>.  If any or all of the provisions of this Order are hereafter **stayed** reversed, modified or vacated by subsequent order of this Court or any other court, such **stay** reversal, modification or vacatur shall not affect the validity of the acts or obligations incurred or undertaken under or in connection with the Plan prior to the Debtor's receipt of written notice of any such order.  Notwithstanding any such **stay** reversal, modification or vacatur of this Order, any such act or obligation incurred or undertaken pursuant to, and in reliance on, this Order prior to the effective date of such **stay** reversal, modification or vacatur shall be governed in all respects by the provisions of this Order and the Plan or any amendments or modifications thereto.**[SMB: 1/26/16]**

 17. <u>Applicable Non-Bankruptcy Law</u>.  Pursuant to sections 1123(a) and 1142(a) of the Bankruptcy Code, the provisions of this Order and the Plan shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

16

18. <u>Order Effective</u>.  Notwithstanding Bankruptcy Rule 3020(e), this Order shall be effective and enforceable immediately upon entry.

19. <u>Conditions Precedent to Effective Date</u>:  Notwithstanding anything to the contrary set forth in the Plan, the Effective Date shall occur when all of the conditions precedent set forth in Section 9.1 of the Plan have been satisfied. **The debtor shall file Notice of the Effective Date on the Court's Cm/ECF System. [SMB: 1/26/16]**

20. ~~<u>Substantial Consummation</u>.  On the Effective Date, the Plan shall have been deemed to be substantially consummated under sections 1101 and 1127 of the Bankruptcy Code.~~**[SMB: 1/26/16]**

21. <u>References to Plan Provisions</u>.  The failure specifically to include or reference any particular provision of the Plan in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Plan be confirmed in its entirety.

22. <u>Headings</u>.  Headings utilized herein are for the convenience of reference only, and shall not constitute a part of the Plan or this Order for any other purpose.

23. <u>Treatment of SCB Secured Claim</u>.  Having received adequate protection payments under the Cash Collateral Order and its receipt on the Effective Date of an additional $306,000.00 assignment fee, SCB shall waive its right to late charges and default interest under the SCB Loan Documents provided that SCB shall be indefeasibly paid in full on or before the earlier of the Effective Date or March 31, 2016, and shall assign to Madison all of its rights under the SCB Loan Documents, including the notes and mortgages.

24. <u>Disposition of Phillip Wu's Equity Interest</u>.  Phillip Wu's one-third Equity Interest in the Debtor shall be issued to the Receiver, as the Receiver of Phillip Wu's property, in

accordance with the Plan, and the further disposition of such Equity Interest shall be subject to orders of the Matrimonial Court.

**Dated: New York, New York**
      **January 26th, 2016**

                                        **/s/ STUART M. BERNSTEIN**
                                        **UNITED STATES BANKRUPTCY JUDGE**

**Issued at 10:58 a.m.**